# IN THE COURT OF APPEALS OF IOWA

No. 14-0186
Filed December 10, 2014

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**AMBER SKYE KELLEY,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Lee (South) County, Mary Ann Brown, Judge.

Amber Kelley appeals the district court's sentence. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, and Michael P. Short, County Attorney, for appellee.

Considered by Danilson, C.J., and Vogel and Bower, JJ.

**BOWER, J.**

Amber Kelley appeals the district court's sentence.  Kelley claims the court abused its discretion when it refused to consider granting Kelley a deferred judgment based on a "personal fixed policy."  She also claims the court abused its discretion by imposing consecutive sentences and substantial fines based solely on the nature of the offenses, and by requiring Kelley to pay $30,685 in costs, fines, surcharges, and restitution during the term of her probation.  Kelley requests her sentences be vacated and her case be remanded for a new sentencing hearing.  We find the court did not abuse its discretion and affirm Kelley's sentence.

I.      **BACKGROUND FACTS AND PROCEEDINGS**

In May 2013, members of the Lee County Narcotics Task Force began working with a confidential informant to purchase marijuana from an individual named Clifton Fields.  Amber Kelley accompanied Clifton Fields during the first transaction with the informant.  Field's took the informant's money and Kelley delivered the marijuana totaling 458.1 grams.  In two subsequent transactions, Kelley sold an additional 331 grams to the informant.

On June 14, 2013, a search warrant was issued for Kelley's home and business.  After arresting Kelley and conducting a search of her home, the police found an additional 2662.2 grams of marijuana and another 1444.7 grams of a mixture of marijuana and non-marijuana.  The police also found packaging materials.

On June 25, 2013, the State filed a thirteen-count trial information accusing Amber Kelley of: three counts of delivering less than fifty kilograms of marijuana, four counts of tax stamp violations, three counts of money laundering, one count of possession of less than fifty kilograms of marijuana with intent to deliver, one count of ongoing criminal conduct, and one count of keeping a drug house. Kelley and the State reached a plea agreement that Kelley would plead guilty to three counts of delivery of less than fifty kilograms of marijuana and one count of possession with intent to deliver less than fifty kilograms of marijuana. She would pay restitution on the three counts of delivering marijuana, and the State agreed to dismiss the remaining counts. There was no sentencing agreement.

A presentence investigation report (PSI) was completed. The PSI recommended Kelley be granted a suspended sentence and placed on probation. The PSI cited the fact Kelley had family ties in the area, a stable residence, good health, and self-employment. The State recommended a suspended sentence, but did not argue the suspended sentences should run consecutively or recommend the amount of any fines. Kelley's attorney requested a deferred judgment claiming Kelley was not the only person involved in the crime, she had been used by the other person involved, and a felony conviction on her record would impact her future employment prospects.

When imposing the sentence the district court stated:

> [B]ut what I found of significance included the fact that you're 25 years old, that you report being self-employed with A.K. Car Rentals since January of 2013. You also had a clothing store in 2010 and one of your letters of reference indicates that you may

have another job now. In 2008, you worked for the city government in New York City. You completed the tenth grade, have a GED in 2008, apparently do have this hospitality certificate that your attorney talked about. Currently, you're receiving food stamps. You have a 6-year-old child who lives with you. You moved to Keokuk with your parents in 1991.

You've denied an alcohol or drug problem, say that you've never used illegal drugs. You did complete ADDS outpatient treatment. Your only prior criminal record of any significance is a theft adjudication as a juvenile, which I normally would not even take into consideration.

You're not eligible for a deferred judgment in my mind given the circumstance of this crime. This is a serious crime. A person that's involved with 8 pounds of marijuana, delivering it, selling it and helping someone else do it, even if you're not the major character, is the type of crime that deserves to be on a person's criminal record. A person should not be able to commit that kind of crime and tell society I was never convicted of a criminal offense.

So I'm sitting here wondering whether to send you to prison or to give you a suspended sentence. Court Services recommends a suspended sentence and the County Attorney also recommends a suspended sentence. I'm not a hundred percent convinced that a suspended sentence will do enough to be a deterrent effect for you and other people in similar situations.

You know, there's a great debate right now about the dangers of marijuana versus the dangers of alcohol and whether one's worse than the other. But someone who is selling or involved in having available 8 pounds of marijuana for sale isn't in that discussion, that's a totally separate kind of individual, and you're just as responsible by driving that car and facilitating it as the fellow who may have brought the marijuana to your house. And I had planned to send you to prison today but given the fact that the County Attorney's recommending a suspended sentence, I guess I will not send you to prison but will grant a suspended sentence in this case. I do think that all four of those sentences should run one after another then, meaning that if you violate your probation, you're going to face 20 years in prison because there needs to be some motivation for you to comply with your terms of probation. Given the fact that this was a for-profit activity, I think that that motivation needs to be great and I also am going to impose a substantial fine in this matter because this clearly was a for-profit activity.

The court initially imposed consecutive five-year indeterminate terms of

imprisonment, but suspended the sentences and placed Kelley on probation for

five years.  The court imposed a total of $220 in costs, $20,000 in fines, $7540 in surcharges, and $2925 in restitution, for a total of $30,685.  The court ordered prompt payment of the fines as a term of Kelley's probation.

Kelley now appeals from the district court's sentence.

## II.    STANDARD OF REVIEW

We review sentencing decisions for correction of errors at law.  *State v. Valin*, 724 N.W.2d 440, 444 (Iowa 2006).  A district court's sentencing decision to impose a sentence within the statutory limits is cloaked with a strong presumption in its favor and will only be overturned for an abuse of discretion or defect in the sentencing procedure, such as considering impermissible factors. *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000).  When a defendant challenges the conditions of probation, "'[i]t has long been a well-settled rule that trial courts have a broad discretion in probation matters which will be interfered with only upon a finding of abuse of that discretion.'"  *Valin*, 724 N.W.2d at 444 (citation omitted).

## III.    ANALYSIS

Kelley claims the court failed to exercise its discretion in refusing to grant a deferred judgment, and abused its discretion in imposing consecutive sentences and requiring her to pay $30,685 in costs, fines, surcharges, and restitution.  The district court, and we on review, are to consider all relevant matters including "the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of his reform.  The courts owe a duty to the public as much as to the defendant in determining a

proper sentence. The punishment should fit both the crime and the individual." *State v. Hildebrand*, 280 N.W.2d 393, 396 (Iowa 1979) (citing *State v. Cupples*, 152 N.W.2d 277, 280 (Iowa 1967)). "[R]ehabilitation and community protection are foremost concerns in the determination. Factors to be considered are the traditional factors that surround the nature of the offense and the characteristics of the individual." *State v. Wright*, 340 N.W.2d 590, 592 (Iowa 1983).

The court's sentencing colloquy clearly evidences it considered all the determinations listed by our supreme court in *Hildebrand*, and did not rely on a "personal fixed policy," or rely solely on the nature of the offense in making the sentencing determinations. Although the sentencing court stated, "[y]ou're not eligible for a deferred judgment in my mind, given the circumstances of the crime," which might suggest a "personal fixed policy" if stated in isolation, we note the court could have used a better phrase to get the point across. However, we find that read in context of the colloquy there is no "personal fixed policy" shown in this case. Relatedly, the court's decision to impose over $30,000 in costs, fines, surcharges, and restitution as part of Kelley's probation was not an abuse of discretion. The court's colloquy shows it was aware of Kelley's financial situation when it imposed the sum, but it also considered her age, employment, the nature of the offense, the amount of drugs in Kelley's possession, the deterrent effect of the probation, the danger of marijuana on the public, and the fact it was a "for profit activity" since she only intended to sell the drugs. For these reasons, we find the district court did not abuse its discretion in refusing to order a deferred judgment, nor abuse its discretion in ordering consecutive

sentences and $30,685 in costs, fines, surcharges, and restitution as part of Kelley's probation.

**AFFIRMED.**