**IN THE COURT OF APPEALS OF IOWA**

No. 14-1720
Filed June 24, 2015

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**MICHAEL ALLEN ZANONI,**
      Defendant-Appellant.

_____

      Appeal from the Iowa District Court for Boone County, James B. Malloy,

District Associate Judge.

      A defendant appeals his sentence of incarceration.  **AFFIRMED.**

      Shawn Smith, Ames, for appellant.

      Thomas J. Miller, Attorney General, Kevin Cmelik, and Mary A. Triick,

Assistant Attorneys General, Dan Kolacia, County Attorney, and Kailyn Heston,

Assistant County Attorney, for appellee.

      Considered by Tabor, P.J., and Bower and McDonald, JJ.

**TABOR, P.J.**

Despite a joint proposal from the State and the defense to suspend Michael Zanoni's sentence for third-offense possession of methamphetamine, the district court followed the recommendation in the presentence investigation (PSI) report to impose an indeterminate five-year prison term. On appeal, Zanoni contends the district court failed to consider mitigating factors. Because the court properly weighed the pertinent factors when sentencing Zanoni, we affirm.

## I. Background Facts and Proceedings

Boone police officers arrested Zanoni for domestic abuse assault on March 24, 2014. At the jail, officers found two baggies of methamphetamine in Zanoni's pants pocket.

The State filed a two-count trial information, alleging: (1) possession of methamphetamine, a schedule I controlled substance, third or subsequent offense; and (2) serious misdemeanor domestic abuse assault. Iowa Code §§ 124.401(5), 708.2A(1)–(2)(b) (2013). Pursuant to a plea agreement, Zanoni entered a guilty plea to possession of methamphetamine and the State, in turn, dismissed the domestic abuse assault charge. A PSI filed on September 22, 2014, recommended Zanoni be sentenced to prison based on his risk of reoffending. The PSI noted Zanoni had participated in drug-intervention programs outside of prison in the past but had not been able to abstain from drug use; he even lied about being drug free on the day of his PSI appointment.

At his sentencing hearing on September 26, 2014, both Zanoni and the State advocated for probation. The prosecutor discussed Zanoni's "long history

of legal troubles, significantly stemming from his substance abuse problem." The prosecutor expressed her hope that "the period of probation and supervision, along with any substance abuse treatment that he should receive as part of that" would be enough to bring "his actions in line with the law." The prosecutor also conveyed to the court that a suspended sentence would allow Zanoni to "continue working and pay off his fines." Defense counsel told the court Zanoni had "accepted responsibility for his actions" and was seeking treatment for his "severe problem with substance abuse." Defense counsel also highlighted that "Zanoni . . . is working and has been gainfully employed at the same location for the past five years." But the district court sentenced him to incarceration not to exceed five years, declining to suspend the sentence. The court told Zanoni the indeterminate prison term was "what's best towards your long-term rehabilitation. . . . I want you to prove yourself in prison. I want you to be released from prison as soon as possible and paroled, and then succeed while on parole."

Zanoni now appeals, claiming the court based its decision on his criminal history alone and did not properly consider any of the other required sentencing factors.

## II. Standard of Review.

We review sentencing proceedings for corrections of errors at law. *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000). "The decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor" and we will not reverse on appellate review unless the defendant demonstrates an abuse of trial court discretion or a defect

in the procedure, such as the district court's failure to consider the sentencing factors required under Iowa Code section 907.5(1). *Id.*; *see also State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002) (citing *State v. Pappas*, 337 N.W.2d 490, 494 (Iowa 1983)).

**III.    Analysis.**

When pronouncing a sentence, the district court must weigh all pertinent factors. *State v. August*, 589 N.W.2d 740, 744 (Iowa 1999) (quoting *State v. Cupples*, 152 N.W.2d 277, 280 (Iowa 1967)). These factors include: (a) the defendant's age, (b) the defendant's prior convictions and prior deferred judgments, (c) the defendant's employment circumstances, (d) the defendant's family circumstances, (e) the defendant's mental health and substance abuse history and treatment options available in the community and the correctional system, (f) the nature of the offense committed, and (g) such other factors as are appropriate. Iowa Code § 907.5(1). It is also important for a judge to consider the societal goals of sentencing criminal offenders, such as rehabilitation and the protection of the community from further offenses. *See id.* § 901.5.

In this case, the district court started its sentencing discussion by noting the defendant's age: "You're a 37-year-old man . . . and you've been fighting these things for all of your adult life." The court pointed out convictions dating back to 1995 and expressed its understanding of Zanoni's "continual battle" with substance abuse, mental health difficulties, and assaultive behavior.

Zanoni seizes on the district court's reference to his long history of legal troubles, claiming his criminal record was the only factor considered by the court

in rendering its sentence. It is true the district court emphasized Zanoni's criminal history, including crimes directly involving controlled substances, as well as crimes involving assaultive behavior.

But Zanoni's criminal history did not stand alone as district court's on-the-record justification for its choice of sentencing. The court also considered the nature of the offense and attendant circumstances:

> As you noticed in the PSI I think the reporter indicates that society is the victim in the case. . . . Your use of controlled substances affects mostly you. It can have some spill-over effect, and it looks like [from the PSI] in your past it has at times. . . . The nature of your offense. It's one that you've committed many times.

The court noted Zanoni had committed this offense on prior occasions, and the court had imposed probation—most recently in 2012. The court pointed out those probationary periods were sometimes, but not always, successful. The court also weighed Zanoni's chances of reform, commenting: "The court system has tried probation. I don't think it would be successful just by itself."

Judges have the right to exercise their discretion when weighing the factors relevant to sentencing a particular defendant. *State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983). Consequently, the sentences imposed by individual judges may differ even in similar cases, as long as the terms are within the range of reasonable choices availed to them by statute. *Id.* This use of discretion is appropriate if it is not exercised "for reasons clearly untenable or to an extent clearly unreasonable." *Id.* Even where, after considering all of the factors listed in Iowa Code section 907.5(1), a judge places considerable emphasis on only one factor, a judge has not abused his or her discretion. *See*

*State v. Leckington,* 713 N.W.2d 208, 216-17 (Iowa 2006) (holding it was not an abuse of discretion for a court to place considerable emphasis on the nature of the offense so long as the court considered multiple factors when making the sentencing decision).

Although the district court's decision conflicted with the recommendation of the State and the defense, it was consistent with the rationale in the PSI, fell within the range of sentences authorized by statute, and was supported by a thorough analysis of relevant sentencing factors. Iowa Code § 902.9(1)(e). Accordingly, we find no abuse of discretion.

## III. Conclusion.

When sentencing Zanoni to an indeterminate five-year prison term, the district court focused on Zanoni's long criminal history. But the court also weighed several other factors in making its decision, including Zanoni's age, his severe substance abuse problem, his prior tendencies of assaultive behavior, his prior revoked probations, the best option for his long-term rehabilitation, and the best interests of society. A court's emphasis on one factor's importance over others in determining a sentence does not constitute an abuse of discretion. Thus, we find no need for resentencing.

**AFFIRMED.**