# IN THE COURT OF APPEALS OF IOWA

No. 16-1138
Filed May 3, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**STEVEN GRANT BATTEAU,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Muscatine County, Stuart P. Werling, Judge.

        The defendant challenges his sentence for theft in the second degree. **AFFIRMED.**

        Joel A. Walker of the Law Office of Joel Walker, Davenport, for appellant.

        Thomas J. Miller, Attorney General, and Sheryl A. Soich, Assistant Attorney General, for appellee.

        Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**POTTERFIELD, Presiding Judge.**

Steven Batteau appeals from his sentence for theft in the second degree. *See* Iowa Code § 714.2(2) (2015) (defining second-degree theft and categorizing it as a "D" felony). Batteau maintains the district court abused its discretion when it sentenced him to a prison term not to exceed five years rather than granting him supervised probation, for which he advocated.

We review the district court's sentence for an abuse of discretion. *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016). Where, as here, the sentence imposed is within the statutory limits, it "is cloaked with a strong presumption in its favor." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002); *see* Iowa Code § 902.9(e) ("A class 'D' felon . . . shall be confined for no more than five years.").

Batteau was charged by trial information with theft in the second degree with an habitual offender enhancement. He reached a plea agreement with the State, whereby he would plead guilty to the theft charge without the enhancement. As part of the agreement, the State would advocate for a five-year term of incarceration, and Batteau was free to advocate for a lesser punishment.

At the sentencing hearing, the State indicated it was asking the court to impose the maximum sentence because of Batteau's long criminal history, which began in 1986. The State noted Batteau had only successfully completed probation one time and he had committed the crime at issue "about thirteen months after his most recent prison discharge." Additionally, Batteau had spent nearly thirty years committing crimes, during which "almost every opportunity ha[d] been afforded this defendant." The preparer of the presentence

investigation report also recommended incarceration and stated, "The resources of the Iowa Department of Corrections should be utilized."

In response, Batteau advocated for a suspended sentence. He stated that he was working with his mother, who lived nearby, approximately twenty-five hours per week. He also noted that he is a military veteran who received an honorable discharge and who suffers from a number of mental-health issues, including posttraumatic-stress disorder. He was seeing a counselor for his mental health and was taking the prescribed medications. Additionally, Batteau's attorney was holding the money due in restitution in his trust account. When addressing the court, Batteau expressed remorse and apologized for his actions.

The sentencing court is required to consider a number of factors when imposing a sentence, including "the nature of the offense, the attending circumstances, defendant's age, character and propensities for reform." *State v. August*, 589 N.W.2d 740, 745 (Iowa 1999) (citation omitted). That being said, the court is not required to expressly consider each factor on the record. *See State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995) ("[T]he failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered. . . . Even a succinct and terse statement of reasons may be sufficient as long as the brevity displayed does not prevent us from reviewing the exercise of the trial court's discretion."). It is up to the individual sentencing judge "to balance the relevant factors in determining an appropriate sentence." *State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983).

In imposing the sentence, the court stated the following:

> [T]he defendant's criminal history is lengthy. It discloses that the defendant has been provided every opportunity to reform through probation, through other programs other than incarceration, and those programs have not been successfully completed time and time again.
>
> The defendant's criminal history, his lack of success in a less structured environment, the interest of protecting the public from the defendant's continued criminal history, and, quite frankly, the lack of less restrictive alternatives leaves me no alternative in this case but to impose incarceration as the only option that's left available to me by the defendant's history and by his actions.

Having considering the sentenced imposed and the court's stated reasons, we find no abuse of discretion. We affirm Batteau's sentence.

**AFFIRMED.**