# IN THE COURT OF APPEALS OF IOWA

No. 16-1262
Filed May 3, 2017

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**SHANNON TYRONE CRAIG,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Marshall County, Kim M. Riley, District Associate Judge.

A defendant challenges his prison sentence for crimes committed while in the county jail. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**TABOR, Judge.**

While an inmate in the Marshall County jail, Shannon Craig caused damage to his cell and scuffled with a jailer—resulting in criminal-mischief and assault convictions. The district court sentenced him to an indeterminate two-year term, to run concurrently with a term of 365 days, with credit for time served. On appeal, Craig contends the district court abused its discretion in denying his request for suspended sentences. Because the district court properly weighed the factors listed in Iowa Code section 907.5(1) (2016)[1] and permissibly highlighted Craig's criminal history and previous unsuccessful attempt at probation, we find no abuse of discretion.

We review Craig's sentencing claim for correction of legal error. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). We will not reverse the decision of the district court without finding an abuse of discretion or some defect in the sentencing procedure. *Id.* We entertain a "strong presumption" in favor of

---

[1] Iowa Code section 907.5 provides, in pertinent part,

(1) Before deferring judgment, deferring sentence, or suspending sentence, the court first shall determine which option, if available, will provide maximum opportunity for the rehabilitation of the defendant and protection of the community from further offenses by the defendant and others. In making this determination, the court shall consider all of the following:
   a. The age of the defendant.
   b. The defendant's prior record of convictions and prior record of deferments of judgment if any.
   c. The defendant's employment circumstances.
   d. The defendant's family circumstances.
   e. The defendant's mental health and substance abuse history and treatment options available in the community and the correctional system.
   f. The nature of the offense committed.
   g. Such other factors as are appropriate.

the district court's sentencing choice. *See State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015).

At Craig's sentencing hearing, the State recommended he serve time in prison because his "pattern of criminal conduct" and disobedience of jail rules suggested he could not "be expected to do any sort of positive things" if placed on probation. Defense counsel argued for suspended sentences because Craig had accepted responsibility for these offenses and was remorseful. In his allocution, Craig discussed physical and mental-health problems that he believed contributed to his criminal behavior.

The district court acknowledged the parties' differing recommendations and announced it was taking into account various factors in imposing sentencing, including Craig's age of thirty-nine and his prior felony convictions, including extortion. The court also noted that Craig's significant criminal history included a previous grant of probation that was ultimately unsuccessful. The court further considered the nature of Craig's current offenses and "the circumstances under which they were committed." Having mulled these factors, the court concluded Craig was not "a suitable candidate for community supervision." The court also explained the sentencing order would

> include a specific recommendation that while Mr. Craig is at the Iowa Medical and Classification Center, that he receive medical and mental health assessments so that he can get his medical and mental health problems on track so that hopefully upon his release, he'll be in a better frame of mind.

The district court's assessment that Craig's circumstances warranted incarceration was not an abuse of discretion. *See Formaro*, 638 N.W.2d at 725 (reiterating that choice of one sentencing option over another does not amount to

error). The court reasonably cited community safety and Craig's own prospects for rehabilitation as the chief concerns in choosing the concurrent prison sentences. *See State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983) ("The right of [the court] to balance the relevant factors in determining an appropriate sentence inheres in the discretionary standard."). We find nothing in this record to overcome the strong presumption in favor of the district court's sentencing decision.

**AFFIRMED.**