# IN THE COURT OF APPEALS OF IOWA

No. 17-0019
Filed September 13, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ANTOINE LAMONT SMITH,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Hancock County, Rustin T. Davenport (plea) and Gregg R. Rosenbladt (sentencing), Judges.

Antoine Smith appeals from the sentence imposed upon his convictions for possession with intent to deliver marijuana; operating while intoxicated, first offense; and eluding or attempting to elude a pursuing law enforcement vehicle. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Tabor and McDonald, JJ.

**DANILSON, Chief Judge.**

Antoine Smith appeals from the sentence imposed upon his convictions for possession with intent to deliver marijuana; operating while intoxicated, first offense; and eluding or attempting to elude a pursuing law enforcement vehicle. The sentencing court imposed concurrent sentences on all three convictions totaling an indeterminate five-year term of incarceration. Smith asserts on appeal the court improperly relied on only one factor—the nature of the offense—and applied a fixed policy in reaching the sentencing determination.

"[A] particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). When determining the appropriate sentence, the sentencing court should "[w]eigh and consider all pertinent matters . . . including the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of his reform." *State v. Leckington*, 713 N.W.2d 208, 216 (Iowa 2006) (alteration in original) (citation omitted).

Although the sentencing court emphasized concern with respect to the societal goals of rehabilitation, protection of the community, and deterrence based on the dangerous circumstances of Smith's eluding offense, the court also considered Smith's criminal history, age, employment history, and family support. The sentencing court may determine what weight to give to each factor. *See State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983). We find the court appropriately considered all pertinent matters and did not abuse its discretion. Additionally, the court's consideration of a number of factors, the circumstances

of Smith's offenses, including their commission in combination, and various sentencing options clearly indicates the court did not apply a fixed sentencing policy in this case. *See State v. Alexander*, No. 15-0615, 2016 WL 3003415, at *3 (Iowa Ct. App. May 25, 2016). We therefore affirm without further discussion. *See* Iowa Ct. R. 21.26(1)(a), (e).

**AFFIRMED.**