# IN THE COURT OF APPEALS OF IOWA

No. 20-1060
Filed April 28, 2021

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**JOSHUA CORCORAN,**
     Defendant-Appellant.
_____


Appeal from the Iowa District Court for Lee (North) County, John M. Wright,

Judge.


A defendant appeals his sentences after pleading guilty to three crimes.

**AFFIRMED.**


Martha J. Lucey, State Appellate Defender, and Ashley Stewart, Assistant

Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney

General, for appellee.


Considered by Vaitheswaran, P.J., and Tabor and Ahlers, JJ.

**TABOR, Judge.**

Joshua Corcoran appeals his sentences for third-degree burglary, second-degree criminal mischief, and possession of burglar tools. The district court imposed concurrent indeterminate terms of five years for criminal mischief and two years for possession, and ran those consecutively with an indeterminate five-year term for burglary. Corcoran claims the court should have suspended his sentences and placed him on probation. He insists prison will not "help him address his underlying drug addiction." He also argues the consecutive terms were "unnecessarily harsh" given other mitigating factors. Because the court properly weighed pertinent factors in choosing the sentence, we affirm.

In October 2019, Fort Madison police received a report that someone was inside a vacant building without permission. When police arrived, they spotted Corcoran coming out the back door. Corcoran admitted he went there "to strip wire from inside the building with the intention to sell the copper." He disclosed that he used pliers, pry bars, screwdrivers, and other tools to cut the wires. His actions caused over $1500 in damage to the drop ceiling and electrical wiring.

The State charged Corcoran in a three-count trial information. The charges included burglary in the third degree, a class "D" felony, in violation of Iowa Code sections 713.1 and 713.6A(1) (2019); criminal mischief in the second degree, a class "D" felony, in violation of sections 716.1 and 716.4(1)–(2); and possession of burglar tools, an aggravated misdemeanor, in violation of section 713.7. In March 2020, Corcoran pleaded guilty to all three counts.

After a hearing, the district court sentenced Corcoran to two concurrent terms of imprisonment to be served consecutively with another prison term. Corcoran appeals those sentences.[1]

We review sentencing challenges for correction of legal error. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). When, as here, the sentences fall within statutory limits, the sentencing decision "is cloaked with a strong presumption in its favor." *See id.* We will reverse the sentences only if the court abused its discretion or considered improper factors. *Id.* Our job is not to "second guess" the sentencing court's decision. *Id.* Rather, we assess whether the court relied on untenable or unreasonable grounds or rationale. *Id.*

On appeal, Corcoran argues the district court abused its discretion by sentencing him to prison rather than granting probation. His sole complaint is that the court did not give enough weight to "mitigating factors including his drug addiction, acceptance of responsibility for his crimes, his seeking treatment with the Salvation Army, and [his] willingness to address his problems." We disagree.

The sentencing court *did* consider his substance abuse as an extenuating circumstance. In fact, the court gave Corcoran the chance to complete the Salvation Army treatment program as an alternative to jail while his case was pending. But just before sentencing, Corcoran violated curfew and was discharged from the program. So, the PSI preparer filed a last-minute addendum to the report,

---

[1] Under Iowa Code section 814.6 (2020), defendants cannot appeal a conviction following a guilty plea (other than class "A" felonies) without good cause. Good cause exists when a defendant challenges the sentence rather than the plea. *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020). Because Corcoran is challenging his sentence, he has good cause to appeal.

changing his recommendation of a suspended sentence and probation to incarceration. At sentencing, the court reminded Corcoran of his recent actions, noting "you decided that you do not want the drug treatment through your own personal irresponsibility."

In the same vein, the court was not convinced that Corcoran was taking his substance abuse seriously. The court explained:

> Now, you talked about treatment at the Salvation Army program. The Court notes that in the [PSI] report you denied any drug addiction. This is absolutely surprising to me, Mr. Corcoran, that after all we've done in this case to help you, you would deny a drug addiction. The evidence clearly is that you have a drug addiction.
> . . . .
> So the Court, hoping that you would gain that rehabilitation that you wanted, gave you that opportunity and put you in the Salvation Army program. However, you failed to take personal responsibility for your actions. You thought instead it would be more fun to stay out past the time that you were allowed and you were late for curfew. You violated the rules of that program.

Given Corcoran's lack of follow through on treatment and his denial of a drug addiction, the court reasonably doubted his ability to succeed on probation.

Also cutting against mitigation was Corcoran's extensive criminal record, his age, his "poor work history," and the seriousness of the offenses. *See Damme*, 944 N.W.2d at 106–07. On balance, the court appropriately place greater weight on the aggravating factors when the mitigating factors were weak. *See State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983) ("The right of an individual judge to balance the relevant factors in determining an appropriate sentence inheres in the discretionary standard."). We decline to disturb that exercise of discretion.

**AFFIRMED.**