# IN THE COURT OF APPEALS OF IOWA

No. 21-0913
Filed April 13, 2022

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**DANNY ROY CHURCH,**
 Defendant-Appellant.

_____

Appeal from the Iowa District Court for Boone County, John R. Flynn, Judge.

A defendant appeals his consecutive prison sentences. **AFFIRMED**.

Martha J. Lucey, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., Greer, J., and Doyle, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**TABOR, Presiding Judge.**

"A very changed man." That's what defense counsel called his client, Danny Roy Church, at the sentencing hearing. In his allocution moments earlier, Church told the district court that two jailhouse experiences had reformed his "whole perspective about life." Reflecting on his pretrial incarceration, Church said: "There's nothing more jail or prison can do to me than these last five months." In the spirit of his epiphany, Church asked for suspended sentences on his three misdemeanor guilty pleas stemming from an episode of domestic violence.

Acknowledging Church "very well may be a changed man," the court still sentenced him to prison. It ran the two one-year terms and one two-year term consecutively—for a total sentence not to exceed four years. Church appeals, arguing abuse of discretion.

Church has good cause to appeal his sentence. *See* Iowa Code § 814.6(1)(a)(3) (2020); *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020). We review sentences for correction of legal error. *Damme*, 944 N.W.2d at 103. We will not disturb a sentence unless the district court abused its discretion or the proceeding was defective. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002) (describing abuse of discretion as a decision where discretion is "exercised on grounds or for reasons that were clearly untenable or unreasonable"). It is not our role to second-guess the sentencing court's proper exercise of discretion. *Id.*

All sentences must serve twin goals: rehabilitation of the defendant and protection of the community. Iowa Code § 901.5. To that end, the legislature has provided sentencing judges with factors to consider, including the defendant's age, prior criminal record, employment, family circumstances, and mental-health and

substance-abuse history and treatment options, and the nature of the offense. *Id.* § 907.5(1).

To assess that last factor, we must examine the facts in the minutes of testimony. Boone County sheriff's deputies responded to the report of a distraught woman, stranded on Highway 169 near Ogden. She was Church's ex-girlfriend. After their break-up, he picked her up on his motorcycle and took her for a harrowing ride. He struck her, threatened to kill her, and drove at speeds topping 100 miles per hour. When Church finally slowed down, she jumped off. He then placed her in a stranglehold, only relenting after seeing other cars approaching. Church left her at the roadside, without her cell phone. Later that day, deputies arrested Church at an Ogden residence. He was released on bond, subject to a no-contact order with the alleged victim.

In December 2020, the State charged Church in a five-count trial information: (1) third-degree kidnapping, a class "C" felony; (2) domestic abuse assault, strangulation, an aggravated misdemeanor; (3) domestic abuse assault causing bodily injury, a serious misdemeanor; (4) false imprisonment, a serious misdemeanor; and (5) first-degree harassment, an aggravated misdemeanor. In February 2021, his pretrial release was revoked for using drugs and violating the no-contact order. In May, he entered into a plea agreement with the State. The State dismissed the first two counts; he pleaded guilty to the other three offenses. Under their plea agreement, the parties were free to argue for any sentence provided by statute.

The presentence investigation (PSI) report detailed Church's criminal history stretching back nearly three decades, including prior domestic abuse

assaults, possession of methamphetamine with intent to deliver, burglary, harassment, and theft. Some State interventions had been successful, others were not. Citing Church's remorse for his actions, the PSI preparer recommended probation and placement at a residential facility.

At the sentencing hearing, Church shared two "life-changing" encounters.[1] The first experience concerned a dream in which Church who was white, saw his father appear as a Black man with front teeth outlined in gold. Church then encountered another inmate matching that description, who spoke to him about the Bible and family. The second experience concerned another inmate who collapsed at the Boone County jail. Church performed chest compressions, which jailers credited with saving the man's life. Church told the sentencing court the event caused him to realize "how precious life really is."

Building on his client's allocution, defense counsel urged: "He's had these life-changing, life-altering events that have changed his entire paradigm. I think it's only fair to give him a shot." The defense then asked for "street probation."

Less convinced of Church's metamorphosis, the prosecutor observed: "all of a sudden in just a few months of being in jail, he's a changed man. I think the defendant's history speaks for itself." Based on Church's lengthy criminal record, the prosecutor sought incarceration.

In advocating for back-to-back prison terms, the prosecutor argued:

> The basis for the consecutive recommendation is that each of these offenses are distinct and separate. Did they happen to the same victim? Yes, they did. Did they happen at the same time? Yes.

---

[1] Church also presented testimony from a former girlfriend (not the alleged victim) who confirmed that she had seen a "sincere" change in his demeanor since he had been in custody.

However, each of them are separate. One involves assaulting the victim, hurting her. One involves harassing her, threatening to kill her. And the last involves restricting of her freedom, her ability to move, false imprisonment. They are separate and distinct, and they deserve separate and distinct sentences.

The court adopted the State's recommendation, telling Church:

Now, sir, you very well may be changed, and I hope you are. And I hope this sentence doesn't derail your faith that you've gained here. . . . If anything, I hope it strengthens it. But I have to look at several factors, and in doing that analysis, prison is appropriate here on a consecutive basis.

Church now appeals, challenging the sentencing court's decision to send him to prison, as well as the imposition of consecutive terms.

In asking to vacate his sentences, Church notes: "The court had before it several mitigating factors which supported the suspension of the sentences of incarceration." For instance, the PSI reported that Church had full-time employment before his jail confinement. And despite the State's focus on his criminal history, Church did not have a conviction resulting in incarceration since 2011. The PSI also stressed that Church had shown remorse for his actions in this case. Given those circumstances, Church contends the court relied too heavily on the nature of the offense when choosing prison over probation.

We reject that contention. A crime's seriousness "is clearly a permissible factor to be considered by the judge in determining the sentence to be imposed." *State v. Post*, 286 N.W.2d 195, 204 (Iowa 1979). And the court here did not concentrate solely on the nature of Church's offenses. It noted that Church was "almost 46 years old" and "not new to the criminal justice system." It weighed Church's "employment information," his "family circumstances" and the harm caused to the victim. The court also considered Church's allocution and the

"lifesaving measures" he took on behalf of a fellow inmate. Still, the court explained it was "very hard" to suspend Church's sentences and "allow street probation" given his "prior criminal history and the severity of what happened here." The court then pointed to the same reasons for running the sentences consecutively.[2] *See State v. Hill*, 878 N.W.2d 269, 275 (Iowa 2016) (allowing specific reasons for prison to double for reasons for imposing consecutive sentences).

The district court did not abuse its discretion by imposing consecutive prison terms. The court weighed the sentencing factors and permissibly placed greater emphasis on the serious nature of these crimes and Church's past offenses. *See State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983) ("The right of an individual judge to balance the relevant factors . . . inheres in the discretionary standard."). The court's reasons stated on the record were not "clearly untenable." *See id.* We decline to disturb the sentences.

**AFFIRMED.**

---

[2] The court also checked a box on the written sentencing form to reflect that the sentences were consecutive based on "the separate and serious nature of the offenses and the protection of the community."