# IN THE COURT OF APPEALS OF IOWA

No. 22-0508
Filed February 8, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**OCTAVIUS OSCAR DAVIS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Clay County, Carl J. Petersen,
Judge.


        Octavius Davis challenges the district court's order sentencing him to a
prison term. **AFFIRMED**


        Jamie Hunter of Dickey, Campbell & Sahag Law Firm, PLC, Des Moines,
for appellant.

        Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney
General, for appellee.


        Considered by Vaitheswaran, P.J., Ahlers, J., and Potterfield, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206
(2023).

**AHLERS, Judge.**

Octavius Davis pleaded guilty to domestic abuse assault with strangulation causing injury, a class "D" felony, and interference with official acts inflicting bodily injury, an aggravated misdemeanor. The district court sentenced him to indeterminate prison terms not to exceed five years and two years, respectively, with the sentences to be served concurrently. Davis appeals, claiming the court abused its discretion in imposing the prison sentences.

Even though Davis pleaded guilty, we have jurisdiction to hear his appeal, as he appeals the sentence rather than the guilty pleas. *See* Iowa Code § 814.6(1)(a)(3) (2021) (foreclosing the right to appeal following a guilty plea except for appeals from "a class 'A' felony or in a case where the defendant establishes good cause"); *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) ("[G]ood cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea."). We review sentences for correction of errors at law. *State v. Wilbourn*, 974 N.W.2d 58, 65 (Iowa 2022). Here, there is no claim that Davis's sentences were not within statutory limits, so the sentences may only be overturned for an abuse of discretion or the consideration of inappropriate matters. *See id.* ("A sentencing court's decision to impose a specific sentence that falls within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." (quoting *Damme*, 944 N.W.2d 105–06)).

At sentencing, after both sides were given the opportunity to present evidence and argument and Davis allocuted, the court gave this reasoning for its sentencing decision:

> The court would note that the presentence investigation report, the initial recommendation was incarceration, and secondary recommendation would be probation with a completion of the [Iowa Domestic Abuse Program] course. So in issuing a decision on factors to be considered in an open sentencing, the court will go through those factors so everyone in the courtroom understands what the court is basing its determination on.
>
> Obviously, the plea agreement is part of that recommendation; the maximum opportunity for rehabilitation for the defendant; the protection of the community from further offenses by this defendant and others, thereby deterring this defendant or others from engaging in similar conduct; the defendant's age; the defendant's prior criminal history; the defendant's employment circumstances; the defendant's family circumstances; the nature of the offense; the contents of the presentence investigation report; the defendant's condition; the force used during the crime; comments of the victim. Those are the basic factors the court would consider in fashioning a proper sentence.
>
> So clearly in this case, as we saw from the presentence investigation report, there are mitigating and aggravating circumstances. The mitigating circumstances would be this defendant's age; his circumstances; his family history; um, where he was at emotionally, physically at the time; and where he's at before the court today. Aggravating circumstances would be the nature of the offense; his criminal history; the force used during the assault— or, excuse me—assaults in this case. So the court has to balance those mitigating and aggravating circumstances.

The court then imposed the sentences previously described. On appeal, Davis argues that two mitigating factors—his heart condition (a condition he claims is made more dangerous by COVID-19 concerns in prison) and limited criminal history—were not adequately considered by the court or should have been given more weight in the sentencing decision.

We begin our discussion by noting that a sentencing court, in determining the sentence to impose, must "weigh multiple factors, 'including the nature of the

offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform.'" *State v. McCalley*, 972 N.W.2d 672, 677 (Iowa 2022) (quoting *Damme*, 944 N.W.2d at 106). The court must also "consider the defendant's prior record of convictions or deferred judgments, employment status, family circumstances, and any other relevant factors." *Id.* (quoting *State v. Formaro*, 638 N.W.2d. 720, 725 (Iowa 2002)). The record shows that the court considered these factors.

As to the specific mitigating factors claimed by Davis, we first point out that the district court was not required to specifically acknowledge each claim of mitigation Davis urged. *See State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995) ("A sentencing court has a duty to consider all the circumstances of a particular case. We do not believe, however, it is required to specifically acknowledge each claim of mitigation urged by a defendant." (internal citation omitted)). But, even though it had no obligation to do so, the court's statements show that it did consider both mitigating factors urged by Davis, even if it was done in a terse manner. *See State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015) (noting that a "terse and succinct statement" of reasons for a sentence is sufficient so long as the brevity does not prevent review). Davis's real claim seems to be that the district court did not weigh those factors appropriately. We reject this claim. There is no dispute that the district court considered proper factors. The right to balance those factors rests in the discretion of the district court. *See State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983) ("The right of an individual judge to balance the relevant factors in determining an appropriate sentence inheres in the discretionary standard.").

We find no abuse of discretion in how the district court balanced the aggravating and mitigating factors to arrive at the sentences imposed.

**AFFIRMED.**