# IN THE COURT OF APPEALS OF IOWA

No. 22-0946
Filed May 10, 2023

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**SUSAN ROSE PURCELL-VARNELL,**
    Defendant-Appellant.
_____

    Appeal from the Iowa District Court for Muscatine County, Mark R. Lawson,

Judge.


    Susan Rose Purcell-Varnell appeals her sentence following a guilty plea.

**AFFIRMED.**


    Thomas Hurd of Law Office of Thomas Hurd, PLC, Des Moines, for

appellant.

    Brenna Bird, Attorney General, and Bridget A. Chambers, Assistant

Attorney General, for appellee.


    Considered by Tabor, P.J., and Schumacher and Ahlers, JJ.

**AHLERS, Judge.**

Pursuant to a plea agreement that called for dismissal of other charges, Susan Rose Purcell-Varnell pleaded guilty to three counts of animal neglect causing serious injury or death in violation of Iowa Code section 717B.3(1), (5), and (6) (2021). Because each offense was a second or subsequent offense for Purcell-Varnell, each charge was a class "D" felony. See Iowa Code § 717B.3(6).

At the sentencing hearing, the State argued for consecutive sentences, with the sentences to be suspended, subject to terms of probation. Purcell-Varnell asked for a deferred judgment. The court rejected the request for a deferred judgment, adjudicated Purcell-Varnell guilty of the crimes, imposed a five-year prison sentence for each charge, ordered the sentences to be served concurrently, suspended the sentences, and placed Purcell-Varnell on probation. The court provided these reasons for the sentence:

> The court orders that the sentences under counts 1, 2, and 3 be served concurrently or at the same time. I'm not minimizing what happened here. This was a very, very tragic situation.
> But I think in cases like this and particularly after reviewing your presentence investigation, this has as much to do with mental-health issues as it does with criminal intent. There's something wrong with the way you care for animals. That goes way back in your presentence investigation.
> Back to 2008, you've had dogs at large, and you've had dangerous animals. And—and, of course, you had the prior neglect in I think Fayette County or wherever it was in 2011. So there's something about you and animals that just doesn't click right. And I want you to get some mental-health counseling. That's what I want you to get here. Try to get to the root of that.
> We're going to make a condition of your probation that you do not have any animals in your possession or under your control or under your care during the time that you're on probation. And maybe with some mental-health counseling, you'll learn to have a couple of pets and take care of them and be able to do that.
> I don't think consecutive sentencing is appropriate here. If we have to send you to prison because you don't do what you're

supposed to do on probation, you're going to have a five-year sentence.

And so I think that's sufficient here for what I've read. As I understand it, none of these animals died. And so that's going to be the sentence of the court. I hope we never have to send you to prison, but that's going to depend on you. I have not granted a deferred judgment in this case because, as I said, this is not the first offense for you. This is a second or subsequent offense, and you've had an opportunity before to correct this behavior, and you haven't done it. So that's the reason I'm denying your request for a deferred judgment.

Again, the sentencing reasons are, essentially, your—your history of inability to care for animals, that this is the recommendation of the presentence investigation. I've taken the nature of the offenses into consideration. I've taken your age into consideration. You're—you're, frankly, old enough to know better than this. So I've taken that into consideration. And, primarily, I've taken into consideration the fact that I believe you need a mental-health evaluation and need mental-health treatment, and that is available to you—to you here in the community.

Purcell-Varnell appeals.[1] She contends the court abused its discretion by not granting her request for a deferred judgment.

Criminal sentences are reviewed for correction of errors at law, but we do not reverse a sentence unless the sentencing court abuses its discretion or there is some defect in the sentencing procedure. *State v. Davis*, 971 N.W.2d 546, 553 (Iowa 2022). Sentences imposed within the statutory limits—as is the case here—are cloaked with a strong presumption in their favor. *See Damme*, 944 N.W.2d at 105–06. We will overturn such a sentence only when there is an abuse of discretion or consideration of inappropriate matters. *Id.* Purcell-Varnell makes no claim that the district court considered inappropriate matters, so her claim is limited strictly to a claim of abuse of discretion.

---

[1] We have jurisdiction to hear this appeal despite Purcell-Varnell's guilty plea because she challenges the sentence rather than the plea itself. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

In assessing an abuse-of-discretion claim, we do not second-guess the sentencing court's decision. *Id.* at 106. Instead, we determine whether the sentencing decision "was exercised on grounds or for reasons that were clearly untenable or unreasonable." *Id.* (quoting *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002)). We give sentencing courts a great deal of latitude in reaching sentencing decisions. *Id.*

Purcell-Varnell focuses on the court's reference to her mental-health issues, arguing that, because the court found Purcell-Varnell's actions had as much to do with her mental-health issues as they did with criminal intent, the court was obligated to grant her request for a deferred judgment. She goes so far as to assert that, based on the court's comments about her mental health, her "age, past history, and the nature of the offense might not matter at all."

Purcell-Varnell's argument is not supported by our sentencing statutes or our case law. Iowa Code section 907.5(1) lists factors the court is to consider before deferring judgment or suspending a sentence. One of the factors listed is the defendant's mental-health history and available treatment options. Iowa Code § 907.5(1)(e). But there are other factors listed as well, including factors noted by the district court here—specifically age, prior record, and nature of the offense. *See id.* § 907.5(1)(a), (b), and (f). The statute does not say—as Purcell-Varnell suggests—that once a mental-health issue is identified, the court must rely on that factor alone and ignore all others. To the contrary, the statute says "the court shall consider all" of the listed factors. The court followed the statute by considering all factors.

In addition to the statute's direction to consider all factors, our case law requires the same. *See, e.g.*, *State v. Robbins*, 257 N.W.2d 63, 70 (Iowa 1977) ("The duty of a sentencing judge in every case is to consider available options, to give due consideration to all circumstances in the particular case, and to exercise that option which will best accomplish justice both for society and for the individual defendant."). The weight to give each factor is up to the sentencing judge. *See State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983) ("The right of an individual judge to balance the relevant factors in determining an appropriate sentence inheres in the discretionary standard."). Here, the district court did precisely what it was supposed to do—it considered appropriate factors, weighed them, and reached a sentencing decision it deemed best to maximize opportunity for Purcell-Varnell's rehabilitation and the protection of the community. *See* Iowa Code § 901.5 (requiring the court to determine the sentence that "will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others").

We find nothing clearly untenable or unreasonable about the grounds or reasons relied upon by the district court in arriving at the sentence imposed. *See Damme*, 944 N.W.2d at 106. Accordingly, we find no abuse of discretion and affirm.

**AFFIRMED.**