STATE of Iowa, Appellee,

v.

Wendy Lee WRIGHT, Appellant.

No. 83-285.

Supreme Court of Iowa.

Nov. 23, 1983.

Charles L. Harrington, Appellate Defender, Raymond E. Rogers and Fern Shupeck, Asst. Appellate Defenders, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., John P. Messina, Asst. Atty. Gen., and David C. Koestner and Todd D. Tripp, Asst. County Attys., for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, HARRIS, McCORMICK, and McGIVERIN, JJ.

McCORMICK, Justice.

Defendant Wendy Lee Wright challenges the sentence imposed by the trial court upon her guilty-plea conviction of operating a motor vehicle while having thirteen hundredths or more of one percent by weight of alcohol in the blood (OMVTH) in violation of Iowa Code section 321.281 (1981) as amended by 1981 Acts chapter 103, section 6. She contends the trial court abused its discretion and considered impermissible factors in sentencing her. She asks either that she be granted a deferred judgment or that the sentence be vacated and the case remanded for resentencing. We affirm the trial court.

■ The General Assembly has prescribed the standard governing the exercise of trial court discretion in determining whether to grant a deferred judgment:

> Before deferring judgment, deferring sentence, or suspending sentence, the court first shall determine which option, if available, will provide maximum opportunity for the rehabilitation of the defendant and protection of the community from further offenses by the defendant and others. In making this determination the court shall consider the age of the defendant; the defendant's prior record of convictions and prior record of deferments of judgment if any; the defendant's employment circumstances; the defendant's family circumstances; the nature of the offense committed; and

such other factors as are appropriate. The court shall file a specific written statement of its reasons for and the facts supporting its decision to defer judgment, to defer sentence, or to suspend sentence, and its decision on the length of probation.

Iowa Code § 907.5 (1981). Thus rehabilitation and community protection are foremost concerns in the determination. Factors to be considered are the traditional factors that surround the nature of the offense and the characteristics of the individual. *See State v. McKeever,* 276 N.W.2d 385, 387–88 (Iowa 1979).

■ A sentence will not be upset on appellate review unless the defendant demonstrates an abuse of trial court discretion or a defect in the sentencing procedure such as trial court consideration of impermissible factors. Illustrative cases include: *State v. Dvorsky,* 322 N.W.2d 62, 66–67 (Iowa 1982) (abuse of discretion in basing sentence solely on nature of the offense); *State v. Messer,* 306 N.W.2d 731, 732–33 (Iowa 1981) (sentence vacated because of consideration of impermissible factor); *McKeever,* 276 N.W.2d at 386–89 (no abuse of discretion in refusing deferred or suspended sentence—sentence vacated because of consideration of impermissible factor); *State v. Thompson,* 275 N.W.2d 370, 371–72 (Iowa 1979) (sentence vacated because of consideration of impermissible factor—discretion in sentencing distinguished).

We examine the validity of defendant's challenge to her sentence against this background. We first set out the relevant facts and then address her specific contentions.

The trial information charged defendant with two offenses arising from an incident that occurred at approximately 2:00 a.m. on May 18, 1982. She was charged in one count with operating a motor vehicle while under the influence of an alcoholic beverage (OMVUI) and in the other with OMVTH. The minute of testimony attached to the information stated that the arresting officer would testify that he observed defendant operating a motor vehicle on a Burlington street without headlights on, that de-

fendant did not respond to a signal to turn her lights on, that the officer stopped defendant's vehicle and observed her, that he noted an odor of alcoholic beverage, that defendant staggered and nearly fell down when she exited her vehicle, that she acted dull and sleepy, that her clothes had vomit on them, that defendant said she had gotten "totally loaded" and then sick, that she could not walk a line in a "heel-to-toe" test, and that subsequently she could not remember where she had been stopped despite being repeatedly told. A chemical test showed she had approximately fourteen hundredths of one percent by weight of alcohol in her blood.

Defendant subsequently entered a guilty plea pursuant to a plea bargain. The bargain was that the State would seek dismissal of the OMVUI charge and a misdemeanor traffic charge in consideration of her guilty plea to the OMVTH count, defendant would attend drinking drivers school, and the State would not resist an application by her for deferred sentence. It is not disputed that each party was faithful to the plea bargain.

At sentencing, evidence was adduced of defendant's personal situation. She was 22 years old, single and unemployed. She had no prior criminal record and lived with her grandparents, for whom she was providing care. Two days before her arrest defendant had been discharged from the hospital after treatment for a miscarriage. She apparently also had a falling out with her boyfriend. On the evening before her arrest, she was taken out drinking in Fort Madison by a group of girlfriends who wanted to "cheer her up." Later that night she returned to Burlington where the arrest occurred, and she spent the rest of the night in jail.

After her plea of guilty and the subsequent sentencing hearing, the trial court sentenced defendant to two days in jail, suspended the sentence for one year conditioned on defendant's good behavior, and fined her $500.

I. *Discretion.* Defendant contends the trial court abused its discretion by imposing

a predetermined sentence. This contention is based on her showing in the sentencing hearing that in approximately a ten-month period in 1982 the district associate judges in Des Moines County processed 32 two-count trial informations charging OMVUI and OMVTH and that in all 32 cases the OMVUI charges were dismissed and guilty pleas were entered to OMVTH. None of the convicted persons received deferred sentences. All received suspended two-day jail sentences. Two-thirds received fines of $675. The other fines ranged from $500 to $750.

The trial court specifically denied having a fixed policy of not granting deferred sentences. The court acknowledged a reluctance to grant a deferred sentence in most OMVTH offenses. In part, this was because of a perception that alcohol offenses do not stigmatize an individual in the same way as most other serious offenses. Nevertheless the court called the option of giving deferred sentences "welcome flexibility." The court said a situation of "legal impossibility" such as a physical or mental impairment or extreme age would be one in which a deferred sentence would be appropriate. The court also recited a number of the factors shown in defendant's case that the court said "mitigated against a deferred judgment."

Defendant's main reliance is on *State v. Jackson,* 204 N.W.2d 915 (Iowa 1973) and *State v. Hildebrand,* 280 N.W.2d 393 (Iowa 1979). In those cases this court set sentences aside because judges sentenced defendants in accordance with predetermined sentencing policies. In each case the judge did not exercise sentencing discretion because of the fixed policy. The teaching of those cases is that a judge must fairly consider all relevant factors and every sentencing option before pronouncing sentence.

The present case is different. The judge here did not refuse or fail to exercise discretion. Instead the judge gives more weight in OMVTH offenses to the seriousness of the offense than to certain individual factors that might tip the balance toward deferred judgment in offenses viewed as

less serious. Also, the judge believes, as the law allows him to, that the justification for a deferred sentence is less compelling in drinking offenses than in offenses of a different nature. The judge nevertheless gives some weight to all relevant factors and considers all sentencing options. This prerogative was recognized in *Jackson.* There the court noted the legitimate concern of judges about carnage on the highways resulting from' intoxication. It warned that judges must "abide the statute as written." 204 N.W.2d at 917. It approved conferences and studies among judges to reduce unwarranted sentencing disparity, and it added:

> But in the end no judge can abdicate his individual responsibility to pass sentence in each case according to his lights, within the statutory limits. Each judge must grapple with the facts and circumstances in the case before him and arrive at the sentence he regards as right.

*Id.*

The right of an individual judge to balance the relevant factors in determining an appropriate sentence inheres in the discretionary standard. Discretion encompasses a range of reasonable choices upon which individual judges may differ. Differences in sentences even in similar cases are therefore inevitable in the present sentencing system. Upon review, the sentencing court cannot be held to have abused its discretion unless "such discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Buck,* 275 N.W.2d 194, 195 (Iowa 1979).

Under this standard the trial court did not abuse its discretion in this case. The court's view that deferred sentences are rarely warranted in OMVTH cases does not constitute a refusal to exercise discretion and, because it does not rule out deferred sentences, is not a violation of the court's statutory sentencing responsibility.

As our cases demonstrate, members of this court are divided on the necessity for more specific standards to guide sentencing and appellate review. This case must be decided, however, under existing law. We

find no merit in defendant's challenge on the discretion ground.

II. *Impermissible factors.* Defendant alleges the trial court considered improper factors and contradictory factors in imposing sentence. The alleged improper factors related to the amount of the fine. The court said it took inflation into account and also considered that defendant would not suffer the adverse .financial impact of a license revocation. The alleged contradictory factors were the court's expressed awareness of public pressure for tougher penalties in OMVUI cases and the court's separate statement that such convictions were not morally reprehensible in the public mind.

■ Part of the court's sentencing responsibility was to determine whether its sentence would deter defendant from future offenses. *See* § 907.5. It was permissible for the court to consider inflation and the financial impact of a fine on defendant in deciding what fine to assess. Furthermore, because the facts before the court showed defendant actually was guilty of OMVUI and would have lost her license if convicted of that offense, it was permissible under *Thompson,* 275 N.W.2d at 372, for the court to impose a more severe sentence for OMVTH than might otherwise have been warranted. Defendant has not shown that the court relied on impermissible factors in the respects alleged.

■ Nor do we find a contradiction in the court's comments about public opinion. The court was merely noting at one point the legitimate public outcry against drunken driving in the abstract. At the other point the court expressed a belief that the public was not inclined to treat a drunk driving conviction with the same moral disapprobation that accompanies other convictions. That observation was made in the context of the present facts where no accident was involved. It was not inconsistent for the court to say the public considers drunk driving offenses one way in the abstract and another way in individual cases. Any inconsistency is in the public attitude as perceived by the court.

■ Finally, we reject defendant's contention that this court should reduce the sentence by granting her a deferred judgment. She has not established a legal basis for this court to interfere with the sentence imposed by the trial court. She certainly did not establish entitlement to a deferred judgment as a matter of law.

AFFIRMED.