# IN THE COURT OF APPEALS OF IOWA

No. 14-1063
Filed June 10, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**WILLIE LEE CAMPBELL,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Des Moines County, Michael J. Schilling, Judge.

        The defendant appeals the sentence imposed following his plea of guilty to third-degree sexual abuse. **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, and Melinda Nye, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney General, Patrick C. Jackson, County Attorney, and Lisa K. Schaefer, Assistant County Attorney, for appellee.

        Considered by Bower, P.J., McDonald, J., and Eisenhauer, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**EISENHAUER, S.J.**

Willie Lee Campbell appeals the sentence imposed following his plea of guilty to third-degree sexual abuse. He contends the court abused its discretion in sentencing him to a prison term by giving too much weight to his early criminal history and failing to consider his chances for reform. Because the sentence imposed upon Campbell is within the statutory parameters, we presume it is valid and will only overturn it if the court abused its discretion or relied on inappropriate factors. *See State v. Hopkins*, 860 N.W.2d 550, 554 (Iowa 2015).

The goal of the court in sentencing a defendant is to determine which sentence "will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others." Iowa Code § 901.5 (2013). The legislature has set forth specific factors to be considered in making this determination, which include the defendant's age, prior record of convictions and deferred judgments, employment and family circumstances, and mental health and substance abuse history, as well as the nature of the offense committed and "[s]uch other factors as are appropriate." *Id.* § 907.5(1). Ultimately, the court must determine each sentence on an individual basis, fitting the sentence to the particular person affected. *Hopkins*, 860 N.W.2d at 555.

Before pronouncing sentence, the district court informed Campbell it would look at his life from the beginning to the present time "because I don't think it's fair to isolate out portions of a person's life and argue that any one slice is necessarily a representative sample of the entirety." The court gave the following reasons for imposing a prison term:

I believe that your criminal record, coupled with your age and the facts and circumstances of this offense, compel a term of confinement. I think to do anything less would really undermine and depreciate the seriousness of this offense, particularly concerning your age, your history of assaultive behavior, and your prior history of escape or escape-related conduct.

Campbell argues the court gave too much weight to his early criminal history as evidenced by its reference to viewing Campbell's "entire history" and specifically referencing his history of "escape or escape-related conduct," which was more than ten years old.[1] A defendant's conviction record is one of the factors the legislature expressly states is to be considered by the court in sentencing a defendant. Iowa Code § 907.5(1)(b). The weight to give a relevant factor in determining an appropriate sentence "inheres in the discretionary standard." *State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983). There is nothing "clearly untenable" about the way the court exercised its discretion in considering Campbell's criminal history.

Campbell also complains the court "gave no indication" it considered the employment or family support available to him if released. While the court must state its reasons for imposing a sentence on the record, there is no requirement for the court to specifically mention each factor it has considered in formulating an individual sentence; a cursory explanation of the reasons for imposing a sentence is sufficient if it allows for appellate review of the trial court's discretionary action. *State v. Barnes*, 791 N.W.2d 817, 827 (Iowa 2010). Here,

---

[1] Campbell notes approximately one dozen of the charges listed under the "Arrest History Comments" section of the presentence investigation report were dismissed. However, he does not specifically allege the trial court relied on any unproven offenses in sentencing him, and there is no evidence the court relied on unproven offenses in making its sentencing determination.

the court stated it was reviewing Campbell's entire background "as it's disclosed to me in the presentence investigation and based upon the exhibits and testimony that I received today." This information included evidence regarding Campbell's employment opportunities and family circumstances.

Because Campbell has failed to show the court abused its discretion in sentencing him to a prison term, we affirm.

**AFFIRMED.**