**IN THE COURT OF APPEALS OF IOWA**

No. 17-1246
Filed March 7, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DAVID J. TENSLEY,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Stuart P. Werling

(guilty plea) and Nancy S. Tabor (sentencing), Judges.

        Defendant appeals his conviction and sentence for forgery.  **AFFIRMED.**

        Lauren M. Phelps, Davenport, for appellant.

        Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney

General, for appellee.

        Considered by Danilson, C.J., and Vaitheswaran and Bower, JJ.  Tabor,

J., takes no part.

**BOWER, Judge.**

David Tensley appeals his conviction and sentence for forgery. We find the district court did not abuse its discretion in sentencing Tensley to a term of imprisonment not to exceed five years, rather than placing him on probation. We affirm the decision of the district court.

## I.    Background Facts & Proceedings

Tensley was charged with Count I, forgery and being a habitual offender and Count 2, third-degree theft. The State alleged Tensley had drawn a check for $850 using a stolen check. He entered into a plea agreement, which stated, "The Defendant to plead guilty to Count I without habitual offender status. State to dismiss Count 2 with cost to Defendant."[1] The district court accepted Tensley's guilty plea to forgery, in violation of Iowa Code section 715A.2(2)(a) (2016), a class "D" felony.

At the sentencing hearing, the State noted the presentence investigation report recommended a term of imprisonment for Tensley, and the State concurred in that recommendation. Tensley requested to be placed on probation. He pointed out he had an associate's degree and could be a productive member of society. Tensley stated he took full responsibility for his actions and apologized.

The court sentenced Tensley to a term of imprisonment not to exceed five years. The court stated:

---

[1] The plea agreement also encompassed other pending charges against Tensley and provided the State would recommend the sentence in this case run concurrently with a sentence on the other charges.

Well, I've had an opportunity to review the presentence investigation report and review the history of this case, and the—I appreciate you apologizing for your behavior. You've got a long, long history of being involved in the criminal justice system, and, frankly, you've had about every kind of sentencing option and rehabilitation option that we have to offer here.

You've had state prison time. You've had federal prison time. You've had [residential correctional] facilities, work release, and you're back here before me again, and I'm concerned that somebody who's had that behavior is still out here committing crimes . . . .

I understand you have family issues. . . .

In this case, based on your long criminal history and the prior attempts of rehabilitation with the community, I will not suspend the sentence.

Tensley now appeals his conviction and sentence.

## II. Standard of Review

If a sentence is within the statutory limits, we review a district court's sentencing decision for an abuse of discretion. *State v. Seats,* 865 N.W.2d 545, 552 (Iowa 2015). "Thus, our task on appeal is not to second-guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id.* at 553. "In other words, the district court did not abuse its discretion if the evidence supports the sentence." *Id.*

## III. Sentencing

Tensley claims the district court abused its discretion by not placing him on probation. He states the court did not adequately consider all of the relevant sentencing factors, such as the nature of the offense, the attending circumstances, his age, character, and chances of reform. *See State v. August*, 589 N.W.2d 740, 744 (Iowa 1999). He claims the court gave too much weight to his criminal history and did not give enough weight to the other factors.

The court stated it had reviewed the presentence investigation report, which included information regarding Tensley's age, family history, and employment history. The court also noted Tensley's claims about family issues, and stated, "somebody who is a responsible member of society doesn't go out and continue to commit crimes because of their family issues." In denying Tensley's request to be placed on probation, the court properly considered his lengthy criminal history, and in particular, the past failed attempts at rehabilitation. *See State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983) (noting a court, in its discretion, may give more weight to one factor over other factors). The presentence investigation report stated, "The defendant's fitness for supervised probation is severely compromised by his resolve to engage continuously in antisocial behavior, and the attitude he exhibited when afforded the benefits of this agency's residential programming."

We conclude the district court did not abuse its discretion in denying Tensley's request to be placed on probation and sentencing him to a term of imprisonment. We affirm Tensley's conviction and sentence.

**AFFIRMED.**