# IN THE COURT OF APPEALS OF IOWA

No. 18-1132
Filed February 20, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JASON D. GRYP,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Thomas G. Reidel and Mark D. Cleve, Judges.

The defendant appeals his ten-year sentence. **AFFIRMED.**

Lauren M. Phelps, Davenport, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., Doyle, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**POTTERFIELD, Presiding Judge.**

Jason Gryp appeals the district court's imposition of a ten-year sentence of incarceration for his conviction for possession with intent to deliver (methamphetamine), a class "C" felony. Gryp maintains the court should have suspended his sentence. He argues the court abused its discretion by failing to place more weight on positive factors outlined in the report from the presentence investigation (PSI) and failing to consider the "naturally deterrent effect" of the fact that, during the commission of this crime, Gryp was shot multiple times by the friend to whom he intended to sell methamphetamine.

"[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Bentley*, 757 N.W.2d 257, 262 (Iowa 2008) (alteration in original) (citation omitted). "Abuse of discretion occurs only when 'the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable.'" *Id.* (citation omitted).

As Gryp concedes, the sentence imposed by the district court is within the statutory limits. *See* Iowa Code §§ 124.401(1)(c)(6) (defining the crime as a class "C" felony); 902.9(1)(d) (providing the maximum sentence for a class "C" felony is "no more than ten years"). Additionally, we note that both the State and the preparer of the PSI recommended incarceration. Still, Gryp maintains the court abused its discretion because it did not place more emphasis on the facts that Gryp did not commit any additional offenses during the thirteen months he was out on bond between his arrest and sentencing, he was prepared for and cooperated with

the preparation of the PSI report, only one crime in his long criminal history was violent in nature, he had been steadily employed at the same job for two years at the time of sentencing, he has a consistent employment history, and he graduated high school.

First, we cannot agree with all Gryp's contentions. While he maintains he did not committ any additional offenses while out on bond, the more accurate statement would be that he was not charged with any additional offenses during that time period. According to Gryp's statements to the PSI preparer, he continued to smoke marijuana "a couple times per week" until "a few weeks" before meeting with the preparer on May 23, 2018. Additionally, Gryp told the preparer he continued to use methamphetamine monthly until a week before their meeting. And while Gryp has generally maintained employment during the times he has not been incarcerated, having a job has not prevented Gryp from using or selling illegal substances. At the time of the present offense, he was employed but decided to sell drugs in order "make some quick cash."

That being said, the factors Gryp claims the court should have placed more emphasis on—including the specific facts surrounding his commission of the crime—were included in the PSI report, which the district court explicitly stated it considered. During the sentencing colloquy, the court said:

> The—it has been noted by both parties, the primary issue before the Court this morning is whether or not the Court should suspend that sentence. And in making that determination, I have taken into consideration all of the information contained in the presentence investigation report as well as the recommendations made by the presentence investigation writer, by the State, and by the defense in this case.
> And when I put all that together, I note with considerable concern, Mr. Gryp, your prior criminal conviction history which

consists of two felony convictions and a conviction of 2013 that led to your probation being revoked on two occasions in connection with that file, ultimately landing you in prison on that offense and the fact that this offense took place less than a year—or approximately a year, I should say, after you finished your parole from that offense. I also note the positive information that's contained in the presentence investigation report, and again, all of the statements that have been made by the various parties here today.

In—on balance, the Court does find that for the protection of the community, that imposition of the sentence is the most appropriate sentence to be entered here today.

I do note the positive things, Mr. Gryp. These are things you should have taken into consideration before this particular offense was undertaken. And for all of the reasons I have stated, I—the Court concludes it is the most appropriate sentence. And therefore, the Court will order that mittimus will issue immediately.

It is the role of the sentencing court, in an exercise of its discretion, to determine the weight to place on the various considerations. *See State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983) ("The right of an individual judge to balance the relevant factors in determining an appropriate sentence inheres in the discretion standard."). Though the court did not give the same weight to the factors Gryp emphasizes, the sentence imposed by the court was not based "on grounds or for reasons clearly untenable," nor was its choice "clearly unreasonable" under the circumstances. *See Bentley*, 757 N.W.2d at 262 (providing standard for determining an abuse of discretion). Thus, we affirm the sentence imposed by the district court.

**AFFIRMED.**