# IN THE COURT OF APPEALS OF IOWA

No. 21-0069
Filed November 23, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**BRENT MARLON SMITH,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, Roger L. Sailer, Judge.

A defendant appeals a district court's denial of probation. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Greer and Badding, JJ.

**TABOR, Presiding Judge.**

The district court found Brent Smith guilty of burglary in the second degree and stalking in violation of a protective order, both as a habitual offender. The court imposed a sentence not to exceed fifteen years for each count, to be served concurrently.[1] Smith appeals, arguing the district court abused its discretion by denying probation. Smith insists he needs mental-health treatment, not incarceration. But given Smith's extensive criminal history, the court exercised proper discretion by imposing incarceration. We affirm the prison sentence.

Smith does not allege his sentencing hearing involved procedural defects or a misapplication of law. So we review his sentence for abuse of discretion. *See State v. Wright*, 340 N.W.2d 590, 592 (Iowa 1983). We will find an abuse if the court exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable. *State v. Evans*, 672 N.W.2d 328, 331 (Iowa 2003). Unless the court fails to exercise its discretion or considers inappropriate matters, we rarely find abuse. *State v. Pappas*, 337 N.W.2d 490, 494 (Iowa 1983). In other words, we entertain a strong presumption in favor of the sentencing court's decision. *Id.* Smith bears the "heavy" burden of overcoming this presumption. *See id.*

But Smith buckles under this weight. When rejecting Smith's request for probation, the sentencing court rightly considered the danger he posed to the public. For instance, Smith's presentence investigation (PSI) report documented an extensive criminal history, dating back to 1997. This history includes ten assault

---

[1] The State recommended a thirty-year term of incarceration with a six-year mandatory minimum. Defense counsel asked the court to consider probation, noting his client had served eleven months by the time of sentencing and emphasizing Smith's drug addiction.

convictions and a conviction for terrorism. Violent past aside, Smith has a pattern of disregarding conditions of release. According to the PSI report, Smith violated the terms of his parole, probation, or work release five times, with the most recent violation occurring fall 2019.

What's more, as illustrated by the instant offense, his violent tendencies and indifference to court orders are ongoing problems. On Christmas Day 2019, Smith was served with a temporary protective order prohibiting him from contacting his estranged partner. That day, he flouted the order by entering her home. She called police, who removed him from the residence. Just two weeks later, Smith violated the order again. The protected party saw Smith in the early morning hours "creeping around" her house and trying to enter through the back door. When police arrived, they could not find him. Frightened, the protected party sought refuge at a local casino. But upon returning home later that morning, she again called 911 seeking help. After gaining access to the house, officers found Smith, wearing only his underwear, standing near the distraught victim. She told police Smith ambushed her as she exited her vehicle, forced her into the house, and threatened to rape and murder her.

Despite his record and the ominous nature of the current offenses, Smith asserts the district court discounted his mental-health and substance-abuse issues. He believes probation and treatment would have been a more appropriate sentence, particularly considering his almost yearlong sobriety at the time of the hearing. But our role is not to second guess the sentence selected. *State v. Damme*, 944 N.W.2d 98, 106 (Iowa 2020). Rather, we verify the court did not rely on untenable or unreasonable grounds or rationale. *Id.*

And here the record reveals no faulty reliance. The court was entitled to give more weight to Smith's "record of previous convictions" and "the protection of the community" than his ability to obtain treatment while on probation.[2] *See Wright*, 340 N.W.2d at 593 ("The right of an individual judge to balance the relevant factors in determining an appropriate sentence inheres in the discretionary standard."). Further, as the State argues, treatment and incarceration are not mutually exclusive: "A prison sentence permits Smith to get any necessary treatment while protecting the public from further offenses." Given his lengthy criminal record, disregard for conditions of release, and the severity of the present offenses, we believe the district court acted within its discretion when it denied probation. So we affirm.

**AFFIRMED.**

---

[2] The record belies Smith's claim that his need for mental-health and substance-abuse treatment would be better served if he were granted probation. He told the PSI investigator that he did not "feel he currently had a drug abuse problem" or that his diagnoses of mental illness were "currently active."