# IN THE COURT OF APPEALS OF IOWA

No. 22-1763
Filed June 21, 2023

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ANTHONY JOSEPH KRON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Linn County, Ian K. Thornhill, Judge.

A defendant convicted of child endangerment and domestic abuse assault challenges his prison sentence. **AFFIRMED.**

Alexander Smith of Parrish Kruidenier Dunn Gentry Brown Bergmann & Messamer LLP, Des Moines, for appellant.

Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Tabor and Greer, JJ.

**TABOR, Judge.**

"The use of violence is bad. The use of violence against a family is very bad. And multiple uses of violence over the course of time shows me a pattern." So reasoned the district court in rejecting Anthony Kron's request for a deferred judgment or suspended sentence on his convictions for domestic abuse and child endangerment. Kron now appeals his prison sentence, asserting the court abused its discretion. Because the court properly weighed the sentencing factors, highlighting Kron's criminal history, we affirm.

In January 2022, Kron yelled at his three-year-old daughter, Z.K., for not picking up her room. He swore at her and threatened to burn her toys in the yard. He then picked up Z.K. and threw her into her toy box, injuring her back. When Z.K.'s mother tried to intervene, Kron assaulted her. The incident was captured on video.

The State charged Kron with child endangerment resulting in bodily injury, a class "D" felony, and domestic abuse assault, a simple misdemeanor. *See* Iowa Code §§ 726.6, (4), (7), 708.2A(1), (2)(a) (2022). In August 2022, Kron entered guilty pleas to those offenses. Two months later, he stood for sentencing. The prosecution recommended a prison term. It presented a victim impact statement from Kron's wife, recounting the emotional damage to their family caused by the crimes.

By contrast, the defense sought a deferred judgment or supervised probation. In his allocution, Kron claimed a "lapse in judgment." He viewed the last nine months as "an eyeopener" and professed his devotion "to becoming a better person and a better father." He also discussed his own childhood trauma.

But the district court focused on Kron's two convictions for domestic abuse assaults in 2005 and an assault causing bodily in 2019. Citing that criminal history, the court rejected Kron's appeal for leniency:

> I've considered all of the possible sentences, including the requested deferred judgment and the requested suspended sentence, but I don't think either one of those is appropriate. I think this defendant needs to be held accountable for his offenses by going to prison, because he obviously has not gotten the message here over the years and continues to victimize his family members.

The court added: "I don't discount what he's told me in person, and I hope he truly feels that way, but his history tells me otherwise, and the conduct in this case tells me otherwise." The court sentenced Kron to an indeterminate five-year sentence on the felony, along with a concurrent term of thirty days for the misdemeanor offense. Kron appeals that sentence.[1]

We review sentencing claims for legal error. *State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020). Only an abuse of discretion or a procedural defect will be cause for vacating a sentence. *Id.* We find an abuse of discretion when the court bases its sentencing decision on untenable grounds or the exercise of discretion is clearly unreasonable. *Wilbourn*, 974 N.W.2d at 65.

---

[1] Although Kron entered guilty pleas, he has "good cause" under Iowa Code section 814.6 to appeal from alleged sentencing error. *See State v. Wilbourn*, 974 N.W.2d 58, 66 (Iowa 2022). We also note Kron did not seek discretionary review of his simple misdemeanor conviction. *See* Iowa Code § 814.6(2)(d). But, when a defendant has improperly sought review of a ruling by filing a notice of appeal rather than an application for discretionary review, "the case shall not be dismissed, but shall proceed as though the proper form of review had been requested." Iowa R. App. P. 6.108. We treat Kron's notice of appeal as a request for discretionary review of his simple misdemeanor conviction and grant the request. Iowa R. App. P. 6.106.

Kron insists the court acted unreasonably in imposing a prison sentence. He asserts that he has "gone through great work in order to rehabilitate himself," including attending therapy and maintaining full-time employment. He also stresses that he has accepted responsibility for his offenses. He objects to the court's reliance on his actions from fourteen years earlier. Kron acknowledges the facts of the case are "indeed disturbing." But he contends the court turned those facts into a "sentencing policy" requiring prison time for any violent offenses against family members.

True, sentencing courts may not apply a fixed policy in rendering judgment. *State v. Hildebrand*, 280 N.W.2d 393, 397 (Iowa 1979) (remanding for resentencing "without application of a personal, inflexible policy relating to only one consideration"). But that didn't happen here. The district court did exercise its discretion in sentencing Kron. The court considered all of the relevant circumstances, including the presentencing investigation, the victim impact statement, the nature of the offense, Kron's allocution, and his criminal history. Then the court emphasized Kron's violent past. That emphasis was within the court's prerogative. *See State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983). The court did not abuse its discretion in sentencing Kron to prison to hold him "accountable" for his aggressive actions against his family. *See State v. Cosby*, No. 19-1056, 2020 WL 2988542, at *2 (Iowa Ct. App. June 3, 2020) (finding no abuse of discretion in rejection of more lenient sentencing options).

**AFFIRMED.**