# IN THE COURT OF APPEALS OF IOWA

No. 23-0245
Filed August 30, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SHON MATHIAS JOHNSON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Stuart P. Werling, Judge.

        The defendant appeals from the sentence imposed following his guilty plea to one count of failure to comply—verification violation, second or subsequent violation as an habitual offender. **AFFIRMED.**

        Martha J. Lucey, State Appellate Defender, and Michelle E. Rabe, Assistant Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Joshua A. Duden, Assistant Attorney General, for appellee.

        Considered by Greer, P.J., and Schumacher and Badding, JJ.

**GREER, Presiding Judge.**

Shon Johnson appeals from the sentence imposed following his guilty plea to failure to comply—verification violation, second or subsequent violation as an habitual offender, pursuant to Iowa Code section 692A.111(1) (2022). Johnson contends that the district court abused its sentencing discretion by failing to consider mitigating factors and should have imposed supervised probation rather than a prison sentence. Because we find that Johnson's sentence was based on reasonable grounds, there was no abuse of discretion by the sentencing judge and we affirm.

**I. Background Facts and Proceedings.**

Pursuant to an agreement between the State and Johnson, Johnson pled guilty to one count of failure to comply—verification violation, second or subsequent violation as an habitual offender, which is a class "D" felony.[1] In exchange, the State dismissed two other charges against Johnson. The State recommended a sentence of incarceration for Johnson, while Johnson requested supervised probation. After considering several factors, the district court sentenced Johnson to an indeterminate period of incarceration not to exceed fifteen years, with a minimum of three years to be served prior to work release or parole eligibility. Johnson appeals.[2]

---

[1] Johnson also agreed to stipulate that he violated his probation in another case, FECR417785.

[2] While the right of appeal is limited for convictions following guilty pleas, there is good cause for appeal when the challenge, as here, is to the sentence and not the guilty plea itself. *See* Iowa Code § 814.6(1)(a)(3); *State v. Boldon*, 954 N.W.2d 62, 69 (Iowa 2021).

**II. Standard of Review.**

We review the sentence imposed in a criminal case for correction of errors at law. *State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020). "We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *Id.* (citation omitted).

**III. Discussion.**

"[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and [it] will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "An abuse of discretion will not be found unless we are able to discern that the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable." *Id.* "Our task on appeal is not to second-guess the sentencing court's decision," but to ensure it was made based on permissible factors. *Damme*, 944 N.W.2d at 106.

Here, the district court considered many factors including "that this act of violation was committed while [Johnson] was currently actively serving probation." The district court also noted that the presentence investigation (PSI) report "author does recommend incarceration in this matter. The court believes that based on the recommendation of the PSI author, based on the nature of the offense, and to protect the public . . . incarceration is warranted in this matter." In its sentencing order, the district court also considered

> the following factors, if applicable: the nature or length of the
> sentence imposed; [Johnson's] application for court-appointed
> counsel, including the financial resources of [Johnson] including

income and assets; the fines, surcharges, penalties, and victim restitution already assessed; [his] earning ability; [his] dependents; [his] basic human needs; the hardship to the [Johnson] or [his] family; and any other factor relevant to this determination.

And although the district court listed these factors, Johnson still maintains that the district court failed to consider appropriate mitigating evidence, such as his age, health history and his mental health and disability status. But, the court considered and relied on reasonable grounds when exercising its discretion and ordering Johnson to serve a prison sentence: his history of convictions for failure to comply—verification violation, including two that led the State to pursue a habitual offender enhancement as part of this plea agreement; the fact he was on probation for failure to comply—provide false information when committing the current offense; the recommendation of the PSI author; that the underlying offense was a sex offense; and the need to protect the community.

While Johnson argues that the district court should have offered him supervised probation instead of a term of incarceration, the district court was not required to do so and reached its determination based on a consideration of appropriate matters and permissible factors. *See State v. Wright*, 340 N.W.2d 590, 594 (Iowa 1983) (recognizing the right of the sentencing court "to balance the relevant factors in determining an appropriate sentence"). Given the strong presumption in favor of a district court's sentence and after a review of the record made at sentencing, we find no abuse of discretion in the court's reasoning or defect in the sentencing procedure.

**IV. Conclusion.**

Because we find that the district court did not abuse its discretion in imposing a term of incarceration rather than supervised probation, we affirm the sentence.

**AFFIRMED.**