**IN THE COURT OF APPEALS OF IOWA**

No. 24-1042
Filed April 9, 2025


**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JACOB LOWE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Mahaska County, Rose Anne Mefford, Judge.


        A defendant appeals the sentence imposed following his guilty pleas. **AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.


        Considered without oral argument by Ahlers, P.J., and Badding and Buller, JJ.

**AHLERS, Presiding Judge.**

As part of a plea agreement, Jacob Lowe pleaded guilty to possession of methamphetamine and possession of a firearm as a felon in return for dismissal of other charges. Consistent with the plea agreement, the State and Lowe argued for suspended sentences. The district court declined to follow the joint recommendation and imposed an indeterminate prison sentence not to exceed five years—specifically, five years on the felon-in-possession-of-a-firearm charge and one year on the possession-of-methamphetamine charge, with the sentences to be served concurrently. Lowe appeals, arguing the court abused its discretion by requiring him to serve the prison sentence imposed instead of suspending it.

We have jurisdiction of Lowe's appeal despite his guilty pleas because his pleas are to charges other than class "A" felonies and he has established good cause by challenging only his sentence, which is neither a mandatory sentence nor a sentence to which he agreed. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020). As Lowe's sentence was not outside statutory limits and Lowe is challenging the district court's exercise of its discretion in choosing a sentence, we review for an abuse of discretion. *See State v. Pirie*, ___ N.W.3d ___, ___, 2025 WL 727752, at *8 (Iowa 2025).

Lowe contends the district court abused its discretion in choosing his sentence because, in his view, the court relied on only one factor—his criminal history. If the district court really did consider just Lowe's criminal history, Lowe would be correct that the court abused its discretion, as the court is required to consider all relevant sentencing factors and no single factor is determinative. *See State v. West Vangen*, 975 N.W.2d 344, 355 (Iowa 2022) (requiring the court to

"consider all relevant factors"); *State v. Cooley*, 587 N.W.2d 752, 755 (Iowa 1998) (holding "no single factor alone is determinative" in making a sentencing decision (citation omitted)). But Lowe's contention is disproved by the record. Here is what the court said in relevant part:

> Mr. Lowe, I've considered all the sentencing options provided for in chapters 901, 903, and 907 of the Iowa Code, and my judgment relative to sentence is based on that which would provide maximum opportunity for your rehabilitation and at the same time protect the community from further offenses by you and others.
>
> . . . .
>
> Mr. Lowe, I've selected this particular sentence for you after considering your age. You were born in 1984?
>
> THE DEFENDANT: Yes.
>
> THE COURT: So you're almost forty years old.
>
> . . . .
>
> THE COURT: You are old enough to know better. I've considered your prior criminal record, which includes multiple felonies—
>
> THE DEFENDANT: Please help me.
>
> THE COURT:—which includes multiple felonies for which you have not been able to abide by the orders of the court.
>
> THE DEFENDANT: Please help me . . . .
>
> THE COURT: When you are a convicted felon, you cannot possess a firearm.
>
> THE DEFENDANT: They weren't even mine.
>
> THE COURT: Also, the fact that you were using or had possession of methamphetamine, that is a really dangerous combination—methamphetamine and firearms in the hands of a convicted felon.
>
> THE DEFENDANT: Please. I'm trying so hard.
>
> THE COURT: I've considered your family circumstances as set out in the [presentence investigation report], including that your mother says you're very helpful to them and the fact that you have a significant other who is also charged in this same trial information. I've considered the nature of the offense committed and the harm to any victims, whether a weapon or force was used in the commission of the offense, your need for rehabilitation, and your potential for rehabilitation. I hear you that you've done well now for several months—
>
> THE DEFENDANT: Thank you.
>
> THE COURT:—on supervised probation.
>
> THE DEFENDANT: Okay. Can I have a minute, please?
>
> THE COURT: However—however—

THE DEFENDANT: Can I have a minute when you're done, please?

THE COURT: However, that doesn't negate that you have continued to—

THE DEFENDANT: I understand.

THE COURT:—to commit felony offenses.

THE DEFENDANT: I can—

THE COURT: No. I'll give you a chance to speak when I'm done. I gave you a chance earlier.

THE DEFENDANT: I'm sorry, Your Honor. Go ahead.

THE COURT: I've also considered the necessity of protecting the community from further offenses by you and others. I've considered the plea agreement that your attorney and the State's attorney worked hard to craft. I respect their effort. Typically, this court does follow plea agreements, but your record overrides it, in this court's view. I respect the Department of Correctional Services' recommendation, which was not to follow the plea agreement and send you to prison. . . .

. . . .

Mr. Lowe, I know this is not what you expected to happen today, but it is my opinion it's what needs to happen, and I wish you the best in the Iowa prison system.

THE DEFENDANT: Thank you, Your Honor.

As the record shows, contrary to Lowe's argument that the court considered only one factor, the court considered multiple factors in determining Lowe's sentence. Lowe does not contend any of those factors were improper. Since the court clearly considered multiple, proper factors, the crux of Lowe's argument is that the court placed too much weight on his criminal history. But this argument does not entitle Lowe to any relief, as the decision of how much weight to give any single factor falls within the district court's discretion. *State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983) ("The right of an individual judge to balance the relevant factors in determining an appropriate sentence inheres in the discretionary standard.").

We find no abuse of discretion in the district court's sentencing decision.

**AFFIRMED.**