# IN THE COURT OF APPEALS OF IOWA

No. 24-1687
Filed July 2, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**LONNIE JAY HAMILTON JR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Dubuque County, Mark T. Hostager,

Judge.


        A defendant appeals his sentence following a guilty plea.  **AFFIRMED.**


        Martha  J.  Lucey,  State  Appellate  Defender,  and  Maria  Ruhtenberg,

Assistant Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney

General, for appellee.


        Considered  without  oral  argument  by  Greer,  P.J.,  and  Badding  and

Chicchelly, JJ.

**BADDING, Judge.**

In April 2023, Lonnie Hamilton Jr. was arrested for his seventh operating-while-intoxicated offense. He pled guilty to operating while intoxicated as a third or subsequent offender under a plea agreement with the State that was not conditioned on the court's approval. The parties agreed to jointly recommend an indeterminate term of five years in prison, with all but thirty days suspended, and probation. A presentence investigation report also recommended probation.

At the sentencing hearing, the district court rejected the parties' joint recommendation and sentenced Hamilton to prison. Hamilton appeals,[1] claiming the district court "fail[ed] to give specific reasons for sentencing the defendant to prison" beyond simply stating "that it did not feel that recommendation was appropriate." He also claims the court failed to make "a sufficient, particularized sentencing" decision by focusing only on the seriousness of the crime. The sentencing transcript does not support these claims.

Before imposing its sentence, the district court explained:

> Mr. Hamilton, I've looked at a number of factors here. The code says that when a judge sentences somebody, they are supposed to look at all of their available sentencing options. All right? And choose a sentence that, in the Court's best judgment,

---

[1] Because Hamilton received a sentence "that was neither mandatory nor agreed to as part of [his] plea bargain," he has good cause to appeal under Iowa Code section 814.6(1)(a)(3) (2024). *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020). We also observe that our jurisdiction is not affected by the nunc pro tunc order the court filed about twenty minutes after Hamilton's notice of appeal because that order was entered "to reflect [that] the reasons for the sentence are actually those as stated on the record at today's sentencing hearing," and not just the two recited in the written judgment and sentence. *See State v. Jackson*, No. 17-1816, 2018 WL 6706216, at *1 (Iowa Ct. App. Dec. 19, 2018) (rejecting the State's challenge to appellate jurisdiction because "the nunc pro tunc order was not a ruling on a collateral or independent matter" requiring the defendant to perfect a separate appeal, but instead an order "to show what really happened").

does two things: One, maximizes rehabilitation of the defendant; and, secondly, maximizes protection of the community. All right? And so that's the framework in which you're being sentenced.

The code also sets forth a number of factors for the Court to consider. And the things that I've looked at in your case are obviously the presentence investigation report and their recommendation. I've looked at your age.

If my math is right, you're 43 . . . years old.

All right. And you're not old, but you're not young either. You're not young in the sense that I can chalk up what happened here to youthful inexperience. I mean, you've lived quite a few years as an adult. Presumably your brain is fully developed. It's not a juvenile brain.

I've considered the arguments of the lawyers and what I've been told and what I've read in the presentence investigation report about your employment and your family circumstances. You are, by all accounts there, a productive worker.

I've considered the fact that you've completed treatment in this case. But, you know, I've also looked at what's set forth in the presentence investigation report regarding treatment, and you have previously, at least on several occasions, successfully completed treatment. And here we are again on your seventh operating while intoxicated charge. And, granted, you did take responsibility for it. I do find that in your guilty plea.

But I also note from the presentence investigation report your last four OWIs were all felony OWIs, and on each of those, you were sentenced to prison.

And, now, I understand you have a plea bargain, and I'm not ignoring that, that I've got both sides making a sentencing recommendation that I'm not bound to. . . .

. . . .

. . . [U]nder the circumstances and taking into account all of this, I don't—I don't find that to be an appropriate sentence. All right? The . . . and I understand nobody was hurt in this case, but I do consider the offense of operating while intoxicated to be highly risky, highly dangerous to not only you, but to the public in general. You are out and about.

And because of that consideration of all of these factors, I am sentencing you to . . . to five years in prison with that sentence to start right now.

True, the district court stressed the nature of Hamilton's offense in sentencing him to prison. But it also weighed other relevant sentencing factors, including Hamilton's employment, family circumstances, and completion of

treatment. *See* Iowa Code §§ 901.5 (requiring courts to consider all pertinent information in selecting the sentencing option that provides "maximum opportunity for the rehabilitation of the defendant, and for the protection of the community"), 907.5(1) (listing age, employment circumstances, family circumstances, and substance-use treatment among the factors to be considered before the court may suspend a sentence). While the court viewed the dangerousness of the offense and Hamilton's history of operating while intoxicated as more important, the "court enjoys the latitude to place greater importance on one sentencing consideration over others." *State v. Latcham*, No. 10-1262, 2011 WL 1138569, at *3 (Iowa Ct. App. Mar. 30, 2011); *accord State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983) (recognizing the "right of an individual judge to balance the relevant factors in determining an appropriate sentence inheres in the discretionary standard").

Because the district court met its duty to "craft an individualized sentence" and "state on the record its reason for selecting the particular sentence," *State v. Duffield*, 16 N.W.3d 298, 302–03 (Iowa 2025), we find no abuse of discretion and affirm Hamilton's sentence.

**AFFIRMED.**