# IN THE COURT OF APPEALS OF IOWA

No. 24-1623
Filed December 3, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOSEPH ROBERT STETZ,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Wright County, Gregg R. Rosenbladt, Judge.

        A defendant appeals his sentences following a guilty plea. **AFFIRMED.**

        Leah Patton of Patton Legal Services, LLC, Ames, for appellant.

        Brenna Bird, Attorney General, and Nicholas E. Siefert, Assistant Attorney General, for appellee.

        Considered without oral argument by Schumacher, P.J., and Badding and Langholz, JJ.

**BADDING, Judge.**

After being released from jail in August 2022, Joseph Stetz burglarized a fellow inmate's home. He then led police on a high-speed chase. Once police caught up to him, Stetz was arrested and later charged by trial information with nine criminal offenses. Under a plea agreement with the State, Stetz pled guilty to second-degree theft, eluding, and third-degree burglary in exchange for the dismissal of the six remaining counts. At the contested sentencing hearing, the district court imposed consecutive prison terms.

Stetz appeals,[1] claiming the court abused its discretion in considering "a hostile and bitter victim impact statement that exhibited a desire for retribution against him and was replete with unproven conduct and charges and information outside the record." He also claims the court failed to adequately consider mitigating factors in denying his request for probation and concurrent sentences.

"A sentencing court's decision to impose a specific sentence that falls within the statutory limits," as was the case here, "is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Damme*, 944 N.W.2d 98, 105–06 (Iowa 2020). "Our task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *State v. Schooley*, 13 N.W.3d 608, 616 (Iowa 2024) (cleaned up).

---

[1] Because Stetz received a sentence "that was neither mandatory nor agreed to as part of [his] plea bargain," he has good cause to appeal under Iowa Code section 814.6(1)(a)(3) (2024). *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

With this tough burden in mind, we turn to Stetz's claim about the victim impact statement. Before the district court pronounced its sentence, one of Stetz's victims told the court: "Every single day I have thought about the fact that that man broke into our home and raped it." He discussed Stetz's criminal history, referring to him as a habitual offender, and said, "Best I can tell, somewhere in the neighborhood of about nine times he has violated his probation." The victim also told the court that Stetz stole "from my brother Tom, my brother John, and myself. There are three victims. He's only being charged with two felonies. He committed those felonies against all three of us. He should be sitting and looking at six. Two apiece."

Stetz argues these portions of the victim's statement improperly referred to "unproven conduct and crimes," as well as facts outside the record. Stetz also notes that he "only violated his probation a few times" and that he was not charged with a habitual offender enhancement. To succeed on his claim, Stetz "must affirmatively show that the sentencing court relied on improper evidence to overcome th[e] presumption of validity." *State v. Wickes*, 910 N.W.2d 554, 572 (Iowa 2018). He failed to meet this burden.

True, the district court acknowledged that it "considered the victim impact statements." But sentencing courts have a duty to receive and examine victim impact statements. *See* Iowa Code § 901.5. We do not fault the court for acknowledging that it complied with this duty. *See State v. Nichols*, No. 20-0570, 2021 WL 811096, at *2 (Iowa Ct. App. Mar. 3, 2021). Beyond that acknowledgment, the court did not otherwise refer to or rely on any of the information from the contested statement. *Cf. State v. Hintze*, No. 18-1418, 2019

WL 1056082, at *2–3 (Iowa Ct. App. Mar. 6, 2019) (vacating a sentence where the court made conflicting statements about whether it was considering unproven allegations in a victim impact statement). "[A] district court's mere statement that it took into consideration a victim impact statement does not—without more— establish that the district court considered any unproven offenses." *State v. Glenn*, No. 08-1530, 2010 WL 2598633, at *5 (Iowa Ct. App. June 30, 2010); *accord State v. Sailer*, 587 N.W.2d 756, 763 (Iowa 1998) (upholding the defendant's sentence where the victim impact statements referenced unproven offenses but there was no showing the district court relied on those statements). Because there is nothing more here, we take the court's "statement at face value to mean the court merely considered the impact on the victim when setting the sentence." *Sailer*, 587 N.W.2d 763.

We also reject Stetz's claim that the district court abused its discretion by imposing consecutive prison sentences and declining to grant probation. He argues that the court should have given more weight to "factors that supported giving him a second chance," including his age, employment history, family circumstances, and recent sobriety. The problem is that the court considered all these factors; it just did not weigh them in the way that Stetz would like.

"Our task on appeal is not to second-guess the sentencing court's decision." *State v. McCalley*, 972 N.W.2d 672, 677 (Iowa 2022) (citation omitted). The court "enjoys the latitude to place greater importance on one sentencing consideration over others." *State v. Latcham*, No. 10-1262, 2011 WL 1138569, at *3 (Iowa Ct. App. Mar. 30, 2011); *accord State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983) (recognizing the "right of an individual judge to balance the relevant factors in

determining an appropriate sentence inheres in the discretionary standard"). That is exactly what the district court did here, as it explained to Stetz:

> And, Mr. Stetz, the Court is not going to suspend those sentences. I've considered that. The [presentence investigation report] recommends that the sentences be suspended and that you be placed in [a residential correctional] facility; however, I do find that you've had a number of interventions before, suspended sentences, probations, [residential correctional facility] placements, jail placements, other programs, and I simply believe that at this point you've exhausted all those less restrictive alternatives, in the not terribly recent past. I mean, those things have all occurred here within the last several years and as well as extending over a period of time as well. You haven't really had a period of time where you have been able to stay out of trouble, so the Court is not going to suspend those sentences.
> The Court also, because of your prior record and history of interventions, I'm going to run those sentences consecutively to each other.

Distilled down, Stetz is simply asking us to substitute the district court's decision with our own, which we cannot do. *See McCalley*, 972 N.W.2d at 677. Finding no abuse of the court's sentencing discretion, we affirm.

**AFFIRMED.**