# IN THE COURT OF APPEALS OF IOWA

———————————

No. 25-0493
Filed February 11, 2026

———————————

**State of Iowa,**
Plaintiff–Appellee,
v.
**Brian Richard Bennett,**
Defendant–Appellant.

———————————

Appeal from the Iowa District Court for Dubuque County,
The Honorable Robert J. Richter, Judge.

———————————

**AFFIRMED**

———————————

Martha J. Lucey, State Appellate Defender, and Bradley M. Bender,
Assistant Appellate Defender, attorneys for appellant.

Brenna Bird, Attorney General, Nicholas Siefert, Assistant Attorney
General, and Samantha Stewart, Law Student, attorneys for appellee.

———————————

Considered without oral argument
by Tabor, C.J., and Badding and Sandy, JJ.
Opinion by Badding, J.

**BADDING, Judge.**

Arguing that he "is more than the sum of his prior convictions," Brian Bennett appeals the sentences imposed by the district court after he pleaded guilty to third-degree burglary and domestic abuse assault causing bodily injury. We affirm.

According to the minutes of testimony,[1] Bennett's ex-girlfriend was in the back bedroom of her apartment one evening in January 2025 when she heard the front door open. She walked out of her bedroom and saw Bennett standing in her apartment. He did not have permission to be there. Bennett slapped his ex-girlfriend in the face, grabbed her cat, and left. Law enforcement later located Bennett and the cat at his residence, where he was arrested.

After Bennett suffered a cardiac arrest in jail, the State reached a plea deal with him. In exchange for Bennett's guilty plea to the burglary and domestic-abuse-assault charges, the State agreed to recommend suspended sentences with probation. The district court rejected that joint sentencing recommendation and instead imposed concurrent terms of imprisonment.

Bennett appeals,[2] claiming the court abused its discretion by relying solely on his criminal history when making its sentencing determination. He argues that "he suffers from ongoing medical issues and was the subject of a joint recommendation for probation." Bennett contends the court failed to

---

[1] Bennett's written guilty plea agreed that the district court could rely on the minutes of testimony to find a factual basis for his crimes.

[2] Because Bennett is challenging discretionary sentences that were neither mandatory nor agreed to as part of the plea bargain, he has established "good cause" to appeal under Iowa Code section 814.6(1)(a)(3) (2025). *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

"meaningfully weigh these mitigating factors," demonstrating "that the sentence was not the product of a balanced, individualized analysis, but rather a reflexive response to criminal history alone."

"A sentencing court's decision to impose a specific sentence that falls within the statutory limits," as was the case here, "is cloaked with a strong presumption in its favor." *State v. Damme*, 944 N.W.2d 98, 105–06 (Iowa 2020). "We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). An abuse of discretion occurs when the sentencing decision "was exercised on grounds or for reasons that were clearly untenable or unreasonable." *Id.*

"The duty of a sentencing judge in every case is to carefully consider the facts and circumstances in that particular case and thoughtfully craft a sentence that best accomplishes justice for the public at large, the victim or victims of the crime, and the individual defendant." *State v. Duffield*, 16 N.W.3d 298, 301 (Iowa 2025). In crafting a sentence, the court must weigh factors that include "the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform." *Formaro*, 638 N.W.2d at 724. The court must also consider the offender's criminal history, employment status, family circumstances, and other relevant factors. *Id.*

The district court complied with these obligations, telling Bennett at the sentencing hearing:

> Okay. Mr. Bennett, when I make a decision about sentencing, I have to take into account several factors. And I'm taking into account these factors when I come up with your sentencing plan. I consider your age. You're an individual who is old enough to know the difference between

right and wrong and make decisions that—you understand that they have consequences. You're breaking the law.

I also consider your family situation, also your employment situation, any impact my sentence would have on future employment or current. Also involved in that is your medical issues. I'm taking into account what you're dealing with there.

But I have to balance all of that against the need for deterrence, rehabilitation, the nature of the charges, and your criminal history and any harm to any victims.

And just to be frank with you, I know a lot of those cases did get dismissed on your criminal history, but a lot of them didn't. You're familiar with the criminal justice system. You're familiar with probation. And, frankly, a lot of that hasn't gone well.

Your acts did absolutely violate someone's security. And I can see that those impacts are sincere, and they are not out of line. Most people see their home as their safe space, and people shouldn't be breaking into those homes and, you know, acting on impulses or desires that really are not yours to act on. And you created a situation where someone's security is now in question, and I can see that that has caused an impact. And it's not fair to anyone else that your issues and your problems need to become someone else's.

All in all, in the balance, I'm sympathetic to the medical issues. But, frankly, you need to be punished for the crimes you committed. And I don't think that the plea deal is enough.

. . . .

Crimes have consequences, and that's why I'm doing what I'm doing. Especially when you have a horrible criminal history before you even get to me.

While Bennett acknowledges the district court considered factors beyond his criminal history—including his age, personal and family circumstances, employment status, and ongoing medical concerns—he contends that the court treated his criminal history "as the predominant

4

factor driving its sentencing decision." That may be true. But the court "enjoys the latitude to place greater importance on one sentencing consideration over others." *State v. Latcham*, No. 10-1262, 2011 WL 1138569, at *3 (Iowa Ct. App. Mar. 30, 2011); *accord State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983) (recognizing that the "right of an individual judge to balance the relevant factors in determining an appropriate sentence inheres in the discretionary standard"). Although we may not reweigh those sentencing considerations or second-guess the court's decision on appeal, that is exactly what Bennett asks us to do. *See State v. Gordon*, 998 N.W.2d 859, 864 (Iowa 2023).

In sum, simply because the district court weighed Bennett's criminal history more heavily than the mitigating factors does not mean the court abused its sentencing discretion. We affirm Bennett's sentences.

**AFFIRMED.**