# IN THE COURT OF APPEALS OF IOWA

———————————

No. 25-0885
Filed April 1, 2026

———————————

**State of Iowa,**
Plaintiff–Appellee,
v.
**Hubert Todd Jr.,**
Defendant–Appellant.

———————————

Appeal from the Iowa District Court for Black Hawk County,
The Honorable Patrice Eichman, Judge.

———————————

**AFFIRMED**

———————————

Webb L. Wassmer of Wassmer Law Office, PLC, Marion,
attorney for appellant.

Brenna Bird, Attorney General, Anagha Dixit (until withdrawal) and
Martha E. Trout, Assistant Attorneys General, attorneys for appellee.

———————————

Considered without oral argument
by Greer, P.J., and Schumacher and Chicchelly, JJ.
Opinion by Schumacher, J.

**SCHUMACHER, Judge.**

Hubert Todd Jr. pled guilty to operating while intoxicated–third offense (OWI) in violation of Iowa Code section 321J.2 (2023) (count I) and driving while barred, an aggravated misdemeanor, in violation of sections 321.561 and 321.555 (count II). The district court imposed judgment and sentenced Todd to five years in prison on count I, with all but sixty days suspended, and thirty days in jail on count II. The court placed Todd "on supervised probation for a period of 2–5 years on [count I] and on [count II], 1–year(s)."

Todd appealed, and the Iowa Supreme Court granted the State's motion to reverse the probation portion of Todd's sentence based *State v. Wade*, 7 N.W.3d 511, 516 (Iowa 2024) (holding the sentencing court was required to choose a specific length for the period of probation, not a range). On remand, the district court sentenced Todd to five years in prison, all but sixty days suspended on count I and thirty days of jail time on count II, which were to run concurrently. The court also placed Todd on probation for three years on count I and two years on count II, also to run concurrently.

Todd appeals,[1] claiming the court abused its discretion by resentencing him to three years of probation instead of two years. We review this claim for correction of errors at law. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *Id.*

---

[1] Because Todd appeals his sentence, not his guilty plea, he has established good cause to appeal. *See* Iowa Code § 814.6(1)(a)(3); *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) ("[G]ood cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea.").

Todd maintains the district court "improperly assessed and weighed the relevant factors in sentencing [him] to three years of probation rather than two years, as requested by Mr. Todd and his counsel." To support his contention, he points to "the length of time that [he] had already been out on probation without incident," "health issues" impacting him and his wife, and the fact "he and his wife intended to move out of Waterloo in the next couple of years." Because Todd's sentence was within the statutory range of permissible sentences, *see State v. Coleman*, No. 24-0936, 2025 WL 2537858, at *1–2 (Iowa Ct. App. Sep. 4, 2025), it "is cloaked with a strong presumption in its favor," *State v. McCalley*, 972 N.W.2d 672, 677 (Iowa 2022) (internal quotation marks and citation omitted).

"Our task on appeal is not to second-guess the sentencing court's decision." *McCalley*, 972 N.W.2d at 677 (citation omitted). Accordingly, we decline Todd's request that we find the court gave improper weight to his alleged mitigating factors. Moreover, as the prosecutor pointed out, Todd was "arrested in early March [2025] on driving while barred as an habitual offender and driving while license denied or revoked," dispelling defense counsel's belief that Todd had not "picked up any new law violations" since his guilty plea. Even so, the court informed Todd that it had considered the "lengthy period of time with the appeal that you have basically stayed out of trouble." The court also told Todd it had considered "your circumstances with your family, your age, and also what could help with any resources that you might need to deter from further OWIs or illegal activity and also what could deter others and also what could protect the community."

Although the court did not impose the probation period Todd requested, it is "[t]he right of an individual judge to balance the relevant factors in determining an appropriate sentence [that] inheres in the

discretionary standard." *State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983). We find no abuse of discretion in the court's sentencing decision.

**AFFIRMED.**