# IN THE COURT OF APPEALS OF IOWA

No. 22-2056
Filed April 10, 2024

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**RAVEN ANN MARIE TAYLOR,**
 Defendant-Appellant.
_____

 Appeal from the Iowa District Court for Polk County, William P. Kelly, Judge.


 A defendant appeals sentences imposed following her guilty pleas.
**AFFIRMED.**


 Martha J. Lucey, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

 Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.


 Considered by Greer, P.J., and Schumacher and Ahlers, JJ.

**AHLERS, Judge.**

While attending a medical appointment at a hospital while in custody on an unrelated felony charge, Raven Taylor escaped and then injured the detention officer who tried to recapture her. For her actions, Taylor pleaded guilty to escape, a class "D" felony, and interference with official acts resulting in bodily injury, a serious misdemeanor.[1] The district court sentenced her to serve an indeterminate term not to exceed five years on the felony charge and one year on the serious-misdemeanor charge, with the sentences to be served concurrently. Taylor appeals. She contends the district court abused its discretion by imposing the term of incarceration instead of suspending it.[2]

Despite Taylor's guilty plea, we have jurisdiction to hear her appeal, because she has established good cause by challenging only the sentence and not the plea itself. *See* Iowa Code § 814.6(1)(a)(3) (2022) (denying a defendant a right of appeal following a guilty plea unless the defendant establishes good cause or appeals from a class "A" felony); *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) ("We hold that good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea."). When, as here, the sentence imposed is within statutory limits, there is a strong presumption in its favor, and it will only be overturned if the defendant shows

---

[1] Taylor also pleaded guilty to possession of drug paraphernalia in an unrelated case. That case is not a subject of this appeal, so we do not address it further.
[2] On our own, we required the parties to file supplement briefs addressing the legality of the district court's decision to impose a fine, suspend it, and not place Taylor on probation. Having reviewed the supplemental briefs, we have decided the circumstances are not suitable for addressing the issue at this time, so we decline to address it in this case.

the court abused its discretion by relying on improper factors or basing the sentence on clearly untenable grounds. *State v. Sailer*, 587 N.W.2d 756, 758–59 (Iowa 1998).

Taylor does not claim the district court relied on any improper factors, so her challenge is limited to the claim that the sentencing decision was based on clearly untenable grounds. She contends the court failed to properly consider mitigating factors, including her young age, her obligations as primary caregiver for her disabled five-year-old son, her lack of prior felony convictions, her mental-health issues, and the progress she had made with therapy and medication. She also contends the court gave too much weight to her criminal history and the nature of the offenses.

Taylor's arguments are rebutted by the record. Here is what the district court had to say in determining Taylor's sentences:

> Now, Ms. Taylor, in listening to your story, you have a sad story. I'll be honest with you, you suffer from substance abuse in reviewing the [presentence investigation report (PSI)]. It shows you've had problems with horribly addictive substances. The PSI shows that you have mental-health issues. And whatever got you to that hospital, you were either calculating to get there to escape or you were having mental-health issues to cause you to end up in the hospital. Both of those, terribly serious mental-health issues that you're dealing with. And the court has taken that into account. Because when I look at this, this isn't an emotional thing.
> This is all based on law and looking at your facts and your actions and applying Iowa law to your facts and your actions. And [defense counsel] has eloquently requested probation, give you a chance to work on your mental-health issues, give you a chance to work on your substance abuse issues. And as the PSI writers noted, the women's facility would be an appropriate place for you to work on those to give you the structure and the help for what you need.
> So the court looks at the sentencing factors in Iowa Code section 907.5, and I look at your age. You are a young person, a young mother. You have a young child, a young son with special needs. So all of those factors would point to, you need to be out in

the community taking care of your responsibilities and being a strong part of a family relationship.

Next, we look at your prior record. You do not look good on paper. You have a lot of problematic convictions involving dishonesty, theft, violence. Your record points towards prison. So then the court looks at your family circumstances and the fact that you're trying to care for a five-year-old son. So that leans towards having you out in the community to take care of your responsibilities.

When I look at your mental health and substance-abuse history and the treatment options that are available in the community and the correctional system, I think that's a wash. I'm a little nervous you'd run away from a treatment facility in the community, and I am aware that the correctional system at the state level could help you with mental-health and substance-abuse issues.

The court did take into account the nature of the offense committed. When you look at escape from custody and interference with official acts, I think those are about as serious as it gets in our society because of the danger it causes to you and to officers and to doctors and nurses trying to care for people. We have a lot of people that get killed because they run from the police. A lot of people that get killed because they don't follow commands to stop or put your hands up. It's extremely dangerous. So ultimately when you look at the best way to protect the community and to work on your best chances for rehabilitation, the court finds that these sentencing factors point towards a five-year prison sentence. You need to work on your substance-abuse and mental-health issues while in prison and you need to work on—

THE DEFENDANT: Can I say one thing?

THE COURT: Yeah, go ahead.

THE DEFENDANT: My mom cannot care for my son for up to five years. Not only that, I wasn't trying to—to hurt anybody or interfere with anything. I was only doing that because my mental health was crazy. I was coming down off of drugs. I was crazy. And I'm on medication and I'm doing a lot better, and I'm talking to somebody, and I'm doing good, and I've been in jail for five months. And I really, really would like to go home to my son. And I would be on an ankle monitor or whatever with probation or whatever I would have to do to be in terms with that. And I would go do meetings if I was recommended to do it or had to do it. I would go to counseling or I would do anything that I would need to do to be back in the community with my kid.

THE COURT: And I appreciate that. I heard you the first time. [Defense counsel] made a really good argument for that, and I considered that. And I weighed all that and the fact that you've been in jail and you're doing better, that shows the progress that is being made while you're not on the drugs.

THE DEFENDANT: I'm begging you for a chance. Please.

> THE COURT: Well, I understand that.
> THE DEFENDANT: I'm begging you.
> THE COURT: In this case, probation is denied. You will be committed to the Iowa Department of Corrections.

This record shows that the court considered and weighed all the factors Taylor claims the court did not adequately consider. So, at its core, Taylor's claim is simply that she thinks the district court should have weighed the factors differently. But the authority to weigh relevant factors and determine an appropriate sentence rests with the sentencing judge and is inherent in the discretionary nature of sentencing. *State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983) ("The right of an individual judge to balance the relevant factors in determining an appropriate sentence inheres in the discretionary standard."). And that discretion is given great deference, so it is not this court's role "to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002). We find nothing unreasonable about the district court's decision and don't find that it was based on untenable grounds. To the contrary, the record reveals that the court very thoroughly and thoughtfully considered and weighed relevant factors to arrive at a reasonable sentencing decision.

Finding no abuse of discretion, we affirm.

**AFFIRMED.**