# IN THE COURT OF APPEALS OF IOWA

No. 24-1143
Filed August 20, 2025

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DOUGLAS NEAL WARBURTON,**
    Defendant-Appellant.
_____

    Appeal from the Iowa District Court for Worth County, Gregg R. Rosenbladt,

Judge.


    A defendant appeals the sentence imposed by the district court.

**AFFIRMED.**


    Karmen R. Anderson, Des Moines, for appellant.

    Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant

Attorney General, for appellee.


    Considered without oral argument by Tabor, C.J., and Ahlers and

Langholz, JJ.

**AHLERS, Judge.**

Douglas Warburton entered an *Alford* plea[1] to the crime of lascivious acts with a child, a class "C" felony—a crime committed against Warburton's family member. The plea was accepted, and the district court sentenced Warburton to serve an indeterminate term of incarceration not to exceed ten years.

Warburton appeals. He attempts to raise three issues: (1) the court erred by refusing to resentence Warburton after he filed a motion asking the court to consider a victim impact statement from his family member; (2) the court abused its discretion by considering the recommendation for incarceration contained in the presentence investigation report (PSI) because the recommendation was not adequately supported; and (3) the court abused its discretion by imposing a prison sentence rather than suspending it.

We do not have jurisdiction to address the first issue because it originates from a post-sentencing order from which Warburton did not appeal. Warburton was sentenced on June 24, 2024, and a written sentencing order was filed the same day. The next day, Warburton filed a motion objecting to the fact that no victim impact statement was given and asking the court "to reset the matter for a sentencing hearing in order to allow the victim to be heard." On July 1, the State filed a victim impact statement and a resistance to Warburton's motion. In the resistance, the State informed the court that it had received the victim impact statement on June 26—two days after the sentencing hearing. The court denied

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) (permitting a person charged with a crime to "voluntarily, knowingly, and understandingly consent to the imposition of" a criminal conviction and sentence even if the person "is unwilling or unable to admit his [or her] participation in the acts constituting the crime").

Warburton's motion on July 10. On July 12, Warburton filed his notice of appeal.

The notice stated that Warburton "appeals from the final judgment entered on June 24, 2024, and sentencing entered on June 24, 2024, and all adverse rulings therein." The notice makes no mention of his motion for resentencing or the court's denial of it, nor did he file a separate notice of appeal as to the July 10 order. Because Warburton did not file a notice of appeal disputing that order, we do not have jurisdiction to consider challenges to it. *See State v. Smith*, 17 N.W.3d 355, 363 (Iowa 2025) ("[W]hen the district court addresses an issue in an order 'following the entry of a judgment and sentence, any appeal from a ruling on th[at] issue must be separately appealed. A defendant cannot rely upon the notice of appeal from the judgment and sentence of the district court.'" (second alteration in original) (quoting *State v. Formaro*, 638 N.W.2d 720, 727 (Iowa 2002))).

We also cannot address the second issue about defects in the PSI because Warburton failed to preserve it for our review. During the sentencing hearing, the court gave Warburton the opportunity to object and propose corrections to the PSI. Warburton noted an inaccuracy regarding his contact with family members—a proposed correction to which the State did not object and the court accepted—but otherwise noted "[t]here are no errors or corrections to the PSI" and "we have no other corrections to the PSI and no objection to the court's use of the PSI." Although most sentencing challenges are not subject to error-preservation rules, there are exceptions, and one of those exceptions pertains to PSIs. *State v. Chawech*, 15 N.W.3d 78, 85 (Iowa 2024). Because Iowa Code section 901.4 (2024) permits a defendant to raise objections to a PSI, the district court is permitted to consider all parts of the PSI that are not challenged. *Id.* "And

if the defendant fails to object to alleged defects in the [PSI] prior to the entry of sentence, the defendant will not be allowed to attack the sentence based on those defects." *Id.* That is the situation we have here. Warburton did not object to the PSI's recommendation by claiming an insufficient basis for the recommendation. As such, he has failed to preserve error to challenge that claimed defect, so we do not address the merits of this issue. *See id.*

Finally, we turn to Warburton's claim that the district court abused its discretion by imposing a prison sentence rather than granting him probation.[2] When, as here, the sentence is within statutory parameters, we review for abuse of discretion. *State v. Luke*, 4 N.W.3d 450, 455 (Iowa 2024).

One way a district court can abuse its discretion is by following a fixed sentencing policy. *See State v. Hildebrand*, 280 N.W.2d 393, 396 (Iowa 1979) (finding an abuse of discretion by following a fixed sentencing policy). Warburton claims this is what the district court did. He has the burden to establish such impropriety because "[w]e will not draw an inference of improper sentencing considerations which are not apparent from the record." *See Formaro*, 638 N.W.2d at 725. But the only thing Warburton points to is that "[t]he court talked about the age of the victim as a consideration for a prison sentence." He contends that, because his crime is by definition a crime against a child, to rely on the age of the victim as a consideration means the court followed a fixed sentencing policy. We disagree. Nothing about the court's comments suggests a fixed policy against

---

[2] We have jurisdiction to hear this challenge despite Warburton's guilty plea because he has established good cause by challenging his sentence that was neither mandatory nor agreed upon pursuant to a plea agreement. *See* Iowa Code § 814.6(1)(a)(3); *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

suspending a sentence imposed against a defendant who commits a sex crime against a child, as Warburton suggests. The court referred to the victim's age—between the age of five and nine years old—only in the context of discussing the nature of the offense, which is a factor the court was required to consider in making the decision whether to suspend the sentence. *See* Iowa Code § 907.5(1)(f). Rather than demonstrating reliance on a fixed sentencing policy, the court's comments about the victim's age were simply part of its thorough consideration of relevant sentencing factors.

The remainder of Warburton's argument is devoted to pointing out mitigating factors such as his lack of criminal history, proper conduct while on pretrial release, family support, and stable employment. The problem for Warburton is that the court considered all these mitigating factors and others. But it also considered aggravating factors, such as Warburton being in a position of trust as one of the victim's legal custodians when he committed the crime and the fact that he was sixty-six years old, so the crime could not be chalked up to youthful indiscretion. After balancing these factors, the court landed on the decision to send Warburton to prison rather than to suspend his sentence. Warburton's argument amounts to asking us to weigh the relevant factors differently than the district court. But that is not our role. The decision of how much weight to give relevant sentencing factors falls within the district court's discretion. *State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983) ("The right of an individual judge to balance the relevant factors in determining an appropriate sentence inheres in the discretionary standard."). As we find no abuse of the court's discretion, we affirm.

**AFFIRMED.**