# IN THE COURT OF APPEALS OF IOWA

_____

No. 24-1851
Filed February 25, 2026

_____

**State of Iowa,**
Plaintiff–Appellee,
v.
**Robert Warren Allen III,**
Defendant–Appellant.

_____

Appeal from the Iowa District Court for Polk County,
The Honorable Paul D. Scott, Judge.

_____

**AFFIRMED**

_____

Martha J. Lucey, State Appellate Defender, and Ella M. Newell, Assistant
Appellate Defender, attorneys for appellant.

Brenna Bird, Attorney General, and Joshua Henry, Assistant Attorney
General, attorneys for appellee.

_____

Considered without oral argument
by Schumacher, P.J., Chicchelly, J., and Doyle, S.J.
Opinion by Doyle, S.J.

**DOYLE, Senior Judge.**

A jury convicted Robert Allen III of attempted burglary in the third degree and found that he committed the offense for the purpose of his sexual gratification. [1] The district court then sentenced him to two years of incarceration to run consecutively to his sentence imposed following revocation of his probation in a separate matter. Allen now appeals challenging the sufficiency of the evidence supporting his conviction and the district court's sentencing decision. Following our review, we affirm.

## I.    Facts and Prior Proceedings

Allen's conviction stems from the events of December 11, 2023, at a retail store. From the evidence presented at trial about the day in question, a fact finder could find the following facts. M.K., a high school student, went to Target to complete some holiday shopping. She spent around twenty to thirty minutes in the store and then checked out using a self-checkout kiosk. As she exited the store, Allen followed her out to the parking lot. M.K. first noticed Allen behind her when he said something to her, but she couldn't understand him.

As M.K. got into her vehicle, Allen paused behind a neighboring car and then approached the driver's door of M.K.'s vehicle. M.K. quickly locked her doors once inside the vehicle. Allen looked at M.K. and tried to open her door with one hand. At the same time, Allen raised his other hand to his face, holding two separated fingers up to his mouth, finger pads against his face, and stuck out his tongue. M.K. quickly backed out of her parking space and drove away.

---

[1] Allen was also convicted on one count of harassment by way of a concurrent bench trial. That conviction is not at issue in this appeal, so we will not discuss it further.

M.K. called her mother in a panic and explained what happened. They discussed the event in more detail once M.K. arrived home. At that time, M.K. demonstrated the gesture that Allen made with his hand and face. Her mother recognized the gesture to be an overture for oral sex. M.K. then warned her friends in a group text chat to avoid Target that day. Another parent learned of the event and told another parent who works as a law enforcement detective. That detective spoke with M.K. and her mother about the Target event. From there, officers identified Allen as the person who followed M.K. in the parking lot.

The State then charged him with attempted burglary in the second degree as a sexually motivated offense. After a trial, the jury found Allen guilty of the lesser-included offense of attempted burglary in the third degree. It also answered a separate interrogatory finding the offense to be sexually motivated because Allen committed the offense for the purpose of his own sexual gratification.

## II.    Sufficiency of the Evidence

Allen challenges the sufficiency of the evidence supporting his conviction. We review sufficiency-of-the-evidence challenges "for correction of errors at law." *State v. Crawford*, 972 N.W.2d 189, 202 (Iowa 2022) (citation omitted). "[W]e are highly deferential to the jury's verdict." *Id.* And we are bound by that verdict so long as it is supported by substantial evidence. *Id.* "Substantial evidence, in turn, is evidence sufficient to convince a rational trier of fact the defendant is guilty beyond a reasonable doubt." *State v. Brimmer*, 983 N.W.2d 247, 256 (Iowa 2022) (cleaned up). When reviewing the evidence, we view it "in the light most favorable to the State, including all legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence." *Crawford*, 972

N.W.2d at 202 (cleaned up). "It is not our place to resolve conflicts in the evidence, to pass upon the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence; such matters are for the jury." *Brimmer*, 983 N.W.2d at 256 (cleaned up).

The marshaling instruction for attempted burglary in the third degree required the jury to find the following elements satisfied:

> 1. On or about December 11, 2023, the defendant attempted to break or enter into the vehicle of M.K.
>
> 2. M.K.'s vehicle was an occupied structure.
>
> 3. The defendant did not have permission or authority to attempt to break into M.K.'s vehicle.
>
> 4. M.K.'s vehicle was not open to the public.
>
> 5. The defendant did so with the specific intent to commit an assault.

The jury instructions provided the following definition of assault:

> "Assault" means that the defendant did an act which was intended to result in physical contact which was insulting or offensive or place M.K. in fear of an immediate physical contact which would have been painful, injurious, insulting or offensive to M.K.; and the defendant had the apparent ability to do the act.

The jury instructions explained specific intent as follows:

> "Specific Intent" means not only being aware of doing an act and doing it voluntarily, but in addition, doing it with a specific purpose in mind. Because determining the defendant's specific intent requires you to decide what he was thinking when an act was done, it is seldom capable of direct proof. Therefore, you should consider the facts and circumstances surrounding the act to determine the defendant's specific intent. You may, but are not required to, conclude a person intends the natural results of their acts.

With respect to the sexual-motivation interrogatory presented to the jury, the court provided this instruction:

> If you find the defendant guilty of any attempted burglary crime, then you must determine whether the crime was sexually motivated. "Sexually motivated" means that one of the purposes for commission of the crime is the purpose of sexual gratification of the defendant.
>
> The purpose for commission of the crime need not result in instantaneous or contemporaneous sexual reward or consequence; the term "sexual gratification" is broad and encompasses a forward-looking motivation.
>
> At the end of these instructions, I have attached two interrogatories which require you to find if the State proved that the crime was sexually motivated.

As Allen did not object to these jury instructions,[2] they are the law of the case for purposes of reviewing the sufficiency of the evidence. *See State v. Banes*, 910 N.W.2d 634, 639 (Iowa Ct. App. 2018).

Allen contends that there is insufficient evidence that he acted with the specific intent to assault M.K. and that the act was sexually motivated. He focuses only on the evidence regarding whether he made the hand gesture referencing oral sex. In doing so, he seemingly concedes that if the evidence establishes that he made such gesture towards M.K. as he tried to open her door, then there is sufficient evidence he acted with the intent to assault M.K. and that act was sexually motivated.

Allen highlights inconsistencies in M.K.'s retelling of the events to others, pointing out that at times she described the hand gesture as being like

---

[2] Allen did request the court break the definitions for "sexually motivated" and "sexual gratification" into multiple paragraphs instead of one. And the court did so when it presented the jury with a written copy of the jury instructions.

someone asking for a cigarette and dissimilar to a "peace sign." He essentially asks this court to independently weigh the evidence to conclude that he did not make a sexualized hand gesture towards M.K. given her inconsistent statements. He suggests that we instead conclude that he simply knocked on M.K.'s door and then moved on once it was apparent she was not interested in him. But "[a]ppellate review of the jury's verdict is not the trial redux." *State v. Mathis*, 971 N.W.2d 514, 519 (Iowa 2022). It was for the jury, not this court, to resolve conflicts in the evidence; evaluate the credibility of M.K's testimony; and evaluate the plausibility of proposed explanations. *See id*. So any inconsistency in M.K.'s description of the hand gesture does not impact our sufficiency analysis.

Reviewing the evidence of the events in question, some of which were captured on surveillance footage,[3] the State presented substantial evidence that Allen followed M.K., a stranger to him, out of the store. He tried to speak to her in the parking lot, but she did not talk to him. Unrebuffed, he waited for her to get into her vehicle and tried to open her door. And he made an obscene gesture at her as an overture for oral sex.[4] From this, a jury could conclude that Allen intended to gain access to M.K. when he tried to open her door, that he did so for the purpose of having offensive or insulting contact with her or intended to place her in fear of such physical contact, and that he did so for the purposes of his own sexual gratification.

---

[3] Security camera footage shows Allen exit the store behind M.K.; follow behind her as she walked to her vehicle; pause; and then walk up to the driver's side of her vehicle, where he is no longer visible; and then continue walking away after a few seconds.

[4] At trial M.K. testified that, Allen "used his pointer finger and middle finger and brought it up to his mouth and stuck his tongue out." Her mother testified at trial that when M.K. came home and demonstrated the gesture Allen made towards her "it was two fingers up by her mouth with her tongue out."

We reject Allen's challenges to the sufficiency of the evidence.

### III. Sentencing

With respect to his sentence, Allen argues that he is entitled to resentencing because the district court imposed a fixed sentencing policy and abused its discretion by imposing consecutive sentences. "We will not reverse the [sentencing] decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). Allen argues that the district court denied his request for probation based on a single factor—specifically, that he was already on probation when he committed the instant offense—amounting to an impermissible fixed sentencing policy.

Fixed sentencing policies are not permissible. *State v. Hildebrand*, 280 N.W.2d 393, 396 (Iowa 1979). This means that the district court may not sentence defendants based on predetermined sentencing policies that avoid the exercise of discretion. *See State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983). It does not mean that the court is precluded from placing more weight on certain factors than others so long as it gives "some weight to all relevant factors and considers all sentencing options." *Id.*

Here, the district court provided Allen with an explanation for its sentencing determination at the sentencing hearing:

> I'm sure you understand that I owe a duty to the public just as much as I owe a duty to you in fashioning the sentence that's appropriate. That's one that's not only appropriate for you as an individual defendant, but one that is also appropriate for the crime that you have been—the crimes that you have been convicted of.
>
> So in fashioning the appropriate sentence, I have reviewed the presentence investigation report. I have considered your comments, Mr. Allen. I have considered the comments of the lawyers. I have also

considered the comments contained in the victim impact statement of M.K. and, of course, those of her mother.

I have considered the nature and circumstances of the offense. I have considered the history and characteristics of the defendant, including his age, his need for medical and psychological care as well as correctional treatment, and his potential for rehabilitation.

I have considered the circumstances of the offense. I have taken into account the harm to the victim and the necessity for the protection of the community from further offenses by this defendant. And I have considered all of the sentencing options that are available to me.

So here's our problem: You've got a history of mental health issues. You also have a long history of violent behavior and sexually violent behavior. And while I can't consider what could have happened had you gotten inside that door, it's clear from the facts and circumstances what the intent here was.

Your criminal history suggests that release to the public is not appropriate. The fact that these crimes were committed while on probation is, in and of itself, enough for me, anyway, to reject the notion that you should be on probation.

When you do stuff like this—as you heard from M.K., every day she's walking across the campus and somebody looks at her in a strange way or somebody follows her or she sees somebody lurking in the shadows, she's not an innocent little kid anymore; she's immediately thrust into— well, I can't think of what it's called, but I'm going to say a defensive posture where her fight-or-flight instincts are heightened, and she shouldn't have to go through that.

So, as I said, I have taken into account the harm to the victim, which I believe is significant in this case, the circumstances of the offense. I have mentioned that.

Obviously, because of the fact that you have a long history, and a history of sex offenses accompanied with assaults, suggests that incarceration is necessary for the protection of the community.

. . . .

On the crime of attempted burglary in the second degree as a sexually motivated offense, in violation of Iowa Code section 713.6B and 692A.126(s) [(2023)], I am adjudging you guilty, and I am sentencing you to an indeterminate term of incarceration not to exceed two years.

. . . .

So the last thing I am going to say is that I know that you and your attorney wanted probation in this case, and I described for you why you're not getting probation. I don't think that you could possibly imagine that you were going to get probation based on your criminal record and the facts and circumstances of this case combined with the fact that you were on probation for failing to register as a sex offender.

On the written sentencing order, the court identified the following as the basis for its sentencing determination: (1) "The nature and circumstances of the crime"; (2) "Protections of the public from further offenses"; (3) "Defendant's criminal history"; (4) "Defendant's propensity for further criminal acts"; (5) "Defendant's mental health history"; (6) Maximum opportunity for rehabilitation"; (7) "Victim impact statement"; (8) "Defendant's age and character."

Allen keys in on this statement by the court at the sentencing hearing: "The fact that these crimes were committed while on probation is, in and of itself, enough for me, anyway, to reject the notion that you should be on probation." He argues this suggests the court applied a fixed sentencing policy to deny probation when a defendant is already on probation. But when considered in context, while it was particularly significant to the district court that Allen was on probation at the time of the offense, the court ultimately considered many additional factors to reach its sentencing determination such as the need to protect the community, Allen's criminal history, and the harm caused to M.K. We find that the district court did not impose a fixed sentencing policy.

Finally, Allen challenges the district court's decision to run his sentence consecutively to his sentence for violating his probation. When the district court imposes consecutive sentences, it must detail reasons. *State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000). "[I]n doing so the court may rely on the same reasons for imposing a sentence of incarceration." *State v. Hill*, 878 N.W.2d 269, 275 (Iowa 2016). Allen argues that the district court failed in its "reasoning for consecutive sentences" because it "did not specifically link any of its reasoning for the sentence to the imposition of the consecutive sentence[s]."

But the district court explained at the sentencing hearing, "Due to the fact that you were on probation when this offense occurred, I am going to run this sentence of two years consecutive to the probation violation, for a total term of incarceration not to exceed seven years." And in the written sentencing order the court noted it chose to run the sentences consecutively (1) due to "the separate and serious nature of the offenses" and (2) because "the crime was committed while defendant was on parole/probation." So we conclude that the district court did give an adequate explanation for imposing consecutive sentences.

**AFFIRMED.**